Lloyd, Trustee, v. Matthews.

CASE 57—PETITION EQUITY—NOVEMBER 28.

# Lloyd, Trustee, v. Matthews.

### APPEAL FROM CAMPBELL CHANCERY COURT.

NOTICE OF FILING OF MANDATE IN LOWER COURT.—Where a judgment is reversed and the cause remanded for a trial or other proceedings the case does not stand for trial or for such other proceedings at the next succeeding term of the lower court, unless the mandate of the Court of Appeals is filed in the clerk's office of the lower court, and notice thereof given to the adverse party, ten days before the commencement of such term. And this requirement applies as well where the mandate directs the particular judgment to be entered as where the case is remanded for a trial or for further preparation.

C. L. RAISON, JR., H. P. LLOYD FOR APPELLANT.

Where a case is reversed in the Court of Appeals and sent back for a new trial or other proceedings, no new trial can be had nor judgment entered to conform to the mandate of the Court of Appeals, unless the mandate is filed in the lower court and notice given thereof ten days before the beginning of the term. (Civil Code, sec. 761, sub-sec. 2.)

JOHN S. DUCKER FOR APPELLEE.

Brief not in record.

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

This is a contest between the appellant and the appellee as to the ownership of some stock in a loan association. The lower court gave it to the appellant.

This court on February 27, 1890, reversed the judgment, and by its mandate, issued April 27, 1890, directed a judgment to be rendered below in conformity to its opinion, which declared that the appellee was entitled to the stock. (Matthews, &c., v. Lloyd, Trustee, &c., 89 Ky., 625.)

The mandate and opinion were filed in the lower court at its May term (May 7), 1890, and on the same day the appellee moved to submit for judgment in conformity

thereto, to which the appellant objected. The motion was renewed two days thereafter, and again objected to; but the objection was overruled and the cause submitted and the appellant excepted. May 12, 1890, a personal judgment was rendered against the appellant for the value of the stock, instead of the stock and the evidences thereof.

The title of section 761 of the Civil Code is : " Proceedings in inferior court if case affirmed, dismissed or reversed." Sub-section 1 provides, that upon the affirmance or the dismissal of an appeal from a judgment for money or personal property, the appellee may file in the clerk's office below a copy of the mandate of affirmance or order of dismissal, and thereupon sue out writ of execution, as if the mandate or order had been entered in court; and sub-section 2 says : " If a judgment be reversed and the case remanded for a trial or other proceedings, it shall stand for trial, or for such other proceedings in the court whence the appeal was taken at the next succeeding term thereof: *Provided*, That the mandate of the Court of Appeals be filed in the clerk's office of the lower court, and notice thereof given to the adverse party, if he be in the county; or if he be absent from the county, to his attorney, *ten days before the commencement of such term*. Such case shall have the same position on the docket of such court, as if no appeal had been taken ; and at any time after the mandate is filed and notice thereof given, as aforesaid, either party may take depositions, as in other cases."

The sweeping language of this provision does not admit of its being confined in its application, merely to cases of reversal for another trial, involving further prep-

aration perhaps, as the filing of additional pleadings or
the taking of depositions.  It applies to every cause
where the judgment is reversed and the case remanded
for a trial, "*or other proceedings*;" and unless the man-
date be filed in the clerk's office of the lower court, and
notice thereof given the adverse party ten days before
the commencement of the term of court next succeeding
the reversal, the action does not stand for another trial or
"other proceedings" at that term.   It is true the man-
date of this court is imperative upon the lower court.  It
has not the option to obey or disobey it, but must carry
it out according to its real meaning.   Even a petition in
the nature of a bill of review should not properly be filed
until the mandate of this court has been carried into
effect.   It may, therefore, be plausibly urged, that where
this court reverses a judgment and directs one of a par-
ticular character to be entered by the lower court, the
reason fails for requiring the filing of the mandate in the
clerk's office and notice thereof ten days before the com-
mencement of the next succeeding term in order that it
may be done at that term; and that therefore the law
fails, or does not apply to such a case.  In other words,
as this court has directed a certain judgment to be entered,
the party must submit; and the filing of the mandate
with notice thereof ten days prior to the beginning of the
term next succeeding the reversal, can not aid him.   It is
perhaps sufficient to say that the law says it shall be done,
to entitle the successful party to enforce the mandate at
the next term.

If the provision cited above does not apply to a case
where there is a reversal with directions to the lower
court to render a particular judgment, then there is no

provision relative to such a case.   The entering of a new judgment, however, is certainly embraced by the expression, "other proceedings."   It may have been the law-making power thought it advisable if the successful party desired the judgment ordered by this court entered at the next succeeding term of the lower court, that the unsuccessful party should know it ten days before the beginning of the term in order that he may prepare to meet its requirements.   It is true if a judgment for the payment of money or for personal property be affirmed, or the appeal dismissed, the appellee may, upon filing the proper evidence of it in the clerk's office of the inferior court, at once sue out execution or the proper writ; but in such a case no new judgment is rendered, and the one being enforced may have been long in existence.   It is unnecessary, however, to inquire the reason for the enactment of the law.   Such inquiry would be useful were it doubtful if it embraced such a case as this one.   In Baker v. Baker, &c., 87 Ky., 461, this question did not arise. There no judgment was sought at the term of the inferior court next succeeding the reversal.   It appears from the opinion that the mandate was filed in open court at the second term after the reversal, the cause not submitted until the next term, and no judgment rendered until the following term.   What the court said upon this question was *obiter*.   Notice will of course be unnecessary upon the return of the cause.

For the reason indicated, the judgment is reversed for further proper proceedings.