L. STRICKLER v. MARY E. HARGIS ET AL.

[FILED APRIL 13, 1892.]

1. **Attachment:** JURISDICTION. Where a statutory cause for an attachment in an action on contract is made to appear to a court of original jurisdiction in which an action is pending, by filing the necessary affidavit and giving a sufficient undertaking, such court thereby acquires jurisdiction and may issue an attachment.

2. ———: ———. Where an action upon contract was brought before a justice of the peace, and dismissed and taken by the plaintiff to the district court for review, and while pending in that court an affidavit and undertaking for an attachment were duly filed therein, and an attachment issued thereupon and levied on the defendant's property, such court has jurisdiction and the attachment is to be sustained or discharged as in other cases.

ERROR to the district court for Lincoln county. Tried below before HAMER, J.

*W. T. Wilcox,* and *H. D. Rhea,* for plaintiff in error, cited : *Campbell v. Sutton,* 12 Neb., 524; *Miller v. Rolph,* 8 Id., 439.

*Nesbitt & Grimes, contra,* filed no brief.

MAXWELL, CH. J.

This action was brought in a justice court by the plaintiff against the defendants, upon a promissory note and account. The justice dismissed the action as to one of the defendants, but rendered judgment against the others. The case was taken by the plaintiff on error to the district court, and while it was pending in that court an affidavit was filed therein as follows :

"The said plaintiff, L. Strickler, makes oath that the claim in this action is for unpaid promissory notes and upon accounts, said notes given for goods, wares, and merchandise, and account; is for merchandise, and the said plaintiff, L. Strickler, also makes oath that the said claim is just, and that plaintiff ought, as she believes, to recover thereon $107.50. He also makes oath that the said defendants, each and all of them, are about to remove this property out of the jurisdiction of the court with intent to defraud their creditors and this plaintiff; are about to convert their property, or a part thereof, into money with intent to defraud their creditors and this plaintiff, and have made pretended and fraudulent assignments to one Lorenz Harrington of part of their property, with intent to defraud their creditors and this plaintiff, and fraudulently contracted the debt for which suit has been brought with intent to defraud this plaintiff.     L. STRICKLER."

An undertaking was filed which was duly approved by the clerk of the court; the defendants thereupon filed a motion to discharge the attachment as follows :

" The defendants move the court to discharge the at-

tachment in this action for the following reasons : First, because the facts stated in the affidavit are not sufficient to justify the issuing of the same; second, because the statement of facts in said affidavit are untrue." A large number of affidavits were filed on both sides and the cause submitted to the court, which rendered judgment as follows:

" This cause coming on for hearing this 22d day of November, 1889, upon the motion of the defendants to dissolve the attachment, on consideration whereof the court sustains the motion on the ground that there is no jurisdiction in this court to issue an order of attachment pending the determination of proceedings in error from the court below," and the attached property was discharged.

It will be observed that the only question presented is the authority of the district court to issue an attachment.

Sec. 198 of the Code provides : "The plaintiff in a civil action for the recovery of money may, at or after the commencement thereof, have an attachment against the property of the defendant and upon the grounds herein stated: First, when the defendant, or one of several defendants, is a foreign corporation or a non-resident of this state ; or second, has absconded with the intent to defraud his creditors; or third, has left the county of his residence to avoid the service of a summons; or fourth, so conceals himself that a summons cannot be served upon him; or fifth, is about to remove his property, or a part thereof, out of the jurisdiction of the court, with the intent to defraud his creditors; or sixth, is about to convert his property or a part thereof into money for the purpose of placing it beyond the reach of his creditors; or seventh, has property or rights in action which he conceals ; or eighth, has assigned, removed, or disposed of, or is about to dispose of, his property or a part thereof with the intent to defraud his creditors ; ninth, fraudulently contracted the debt or incurred the obligation for which suit is about

to be or has been brought.   But an attachment shall not
be granted on the ground that the defendant is a foreign
corporation, or a non-resident of the state, for any claim
other than a debt or demand arising upon contract, judg-
ment, or decree.

"Sec. 199. An order of attachment shall be made by
the clerk of the court in which the action is brought, in
any case mentioned in the preceding section, when there is
filed in his office an affidavit of the plaintiff, his agent or
attorney, showing: First, the nature of the plaintiff's
claim; second, that it is just; third, the amount which the
affiant believes the plaintiff ought to recover; fourth, the
existence of some one of the grounds for an attachment
enumerated in the preceding section."

Sec. 200 provides that if the attachment is issued after
the commencement of the action the return shall be in
twenty days after the writ is issued.   Secs. 237 to 243
provide for claims not due, while sections 244 to 249 pro-
vide for garnishment in aid of execution.   Construing the
several provisions of the Code in reference to attachment
together, and it is evident that an attachment in some of
its forms may be obtained whenever any statutory ground
therefor exists, at any stage of the case from the commence-
ment of an action until the satisfaction of the judgment.
The court in which the action is pending at the time the
cause for attachment is shown by the necessary affidavits to
exist is the proper one to grant the attachment, and we
know of no cause why it should not be granted in favor of
a creditor while proceedings in error are pending.   If the
right to issue an attachment was suspended during the time
proceedings in error were pending in a court of original
jurisdiction the result in many cases no doubt would be
the loss of the debt.   We cannot believe that the intention
was to deprive any suitor of this right when sufficient cause
exists.   It is evident that the district court had jurisdic-
tion.   The judgment of the district court is reversed and

the attachment reinstated, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.