Case 54—PETITION EQUITY—February 15.

## Parrish, &c., v. Ross.

### APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. Power of Lower Court over Case Pending Appeal—Right to Execution on Rent Bond.—Pending an appeal with supersedeas from a judgment dismissing a petition by which the plaintiff claimed a life interest in an undivided third of a tract of land, the court, having retained the case on the docket for the purpose of making all necessary orders as to the division of the land between the defendants, had the power to divide the land and to rent out the one-third claimed by plaintiff, which was not allotted to either of the defendants; and the commissioner having rented out that part of the land under order of the court and the defendants having become the renters and executed their bonds for the rent, the court, upon the reversal of the judgment dismissing plaintiff's petition and the entry of a judgment allotting him the one-third of the land which had been rented pending the appeal, properly ordered executions to issue against defendants upon the rent bonds.

2. Same.—Even if the court had no control, pending the appeal, over the one-third of the land claimed by plaintiff, yet the plaintiff, having ratified the action of the court in renting out the land, is entitled to recover on the bonds voluntarily executed by defendants for the rent of land which did not belong to them, but to plaintiff.

H. L. STONE for appellants.

The orders appealed from should be reversed, because the court below had no power or jurisdiction to rent out the land in controversy after

its final judgment dismissing Ross' petition, or to require the appellants, either as principal or sureties, to execute bonds for the rent of lot No. 2, in which Ross claimed a life estate, nor to appoint a receiver to collect said rent bonds by execution or otherwise. (Ross v. Parrish, 13 Ky. Law Rep., 858.)

W. H. HOLT FOR APPELLEE.

If Mrs. Brawner had been in possession under the judgment she would have still been liable to appellee for rent by virtue of the final decision of the case, and there is nothing in the record showing she became bound for an unreasonable rent because of the public renting, or that appellee, by his bidding, compelled it. The renting from first to last was acquiesced in, and recognized as necessary for the protection of the party who might finally succeed.

W. A. SUDDUTH ON SAME SIDE.

As it is not contended that the judgment renting the land was void, but that it was erroneous merely, and it has never been appealed from, appellants can not now resist the collection of the rent bonds.

CHIEF JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee, John W. Ross, in 1886, sued to recover for life one undivided third of about four hundred and thirty-eight acres of land. The appellants, John S. Parrish and Mrs. Cordie E. Brawner, also claimed one third each in said tract of land for life, and Mrs. Brawner also claimed absolutely the part that the appellee claimed. Upon final trial the court adjudged Mrs. Brawner and John S. Parrish one third interest each for life in said tract of land, but denied the appellee's right to the other third interest therein. The appellee appealed from the decision of the circuit judge denying him a life estate in a third of said land, and suspended the judgment by supersedeas bond. The case was reversed, and the appellee, Ross, was allowed one-third life interest in said land, and judgment was entered in the lower court in accordance with the opinion of this court. Upon the rendition of the judgment denying the appellee any

interest in the land, the court continued the case on the docket as between John S. Parrish and Mrs. Brawner for "any necessary orders between them relative to the division of said land." The land, pursuant to the judgment, was divided into three equal parts, and Mrs. Brawner and John S. Parrish were allotted a third each, and the other third which the appellee claimed was not adjudged to either of the appellants, because neither had any right to it, but the court retained control of it during the pendency of the appeal, and ordered the same rented out. Deeds were made to Mrs. Brawner and John S. Parrish to their respective thirds. They abided the judgment of the circuit court, and never thereafter set up any claim to the other third of said land. The court, after the rendition of the judgment settling the right of Mrs. Brawner and Parrish to one-third each of said land, and denying to them or either of them any right to the other third, ordered said third to be rented out by its commissioner, and that bonds be taken for the rent, etc. The commissioner did rent said third out, and the appellants, one or the other, were renters from year to year, and executed bonds for each year's rent. Executions were ordered upon these bonds. From the orders of renting and the order directing executions to issue on the rent bonds the appellants appeal. The appeal is prosecuted upon the ground that the appellee's petition having been dismissed absolutely, and the case having been kept on the docket for orders as between the appellants in reference to the division of said land, that court had no jurisdiction to rent the third not allotted to either of the appellants. It is to be observed that the court, by order, kept the case on the docket for the purpose of taking all

Parrish, &c., v. Ross.

necessary orders in reference to the division of the land between the appellants; also the appellee superseded the judgment dismissing his petition, which kept the case on the docket in reference to him; also, that there was no order disposing of the one-third of the land not allotted to either of the appellants, but the court retained control of the same. Now, in view of these facts, we fail to understand how it is that the court lost control of, and the power to rent out, this third of the land during the pendency of the appeal to this court, when it expressly retained it and no one claimed it. But, independently of all this, we have this plain, honest and business transaction: There is one-third of the land that belongs to the appellee; the appellants have neither right nor claim of right to it, but it belongs to the appellee; the court, on behalf of the appellee, rents it to the appellants; the renting is a voluntary action on their part; they have simply rented land that did not belong to them but to the appellee, and he comes forward and says to the court that he accepts and ratifies its action and is willing to accept the rents. Now by what principle of fair dealing can the appellants say that the court had no power to rent them the land, and therefore the appellee must sue them for the rent and recover it that way. It seems to us that the power of the court may be left out of view, and the case may be put upon the principle of an unauthorized agent renting the land of the appellee to the appellants, and the appellee comes forward and says that he ratifies the act of renting and claims the rent bond. Now is there any court in this country that would deny the appellee the right to recover on the rent bond? We think not. Besides, suppose the order renting the

appellee's land was erroneous, how can that fact hurt the appellants? They voluntarily rented the land; there was no compulsion resting on them; there was no interest to protect by renting under an erroneous order. The only person that could be affected by the erroneous order was the appellee, and he comes into court and submits to its action, and asks the court to enforce its order, and the court did enforce it, which is affirmed.