W. O. MITCHELL v. JOHN N. ROLAND AND N. I. ROLAND, Appellants.

**Receiver: PRACTICE:** *Jurisdiction.* Under Code, section 2903, providing that the district court may appoint a receiver during the pendency of an action, it may appoint such a receiver after a case has been decided and appealed.

*Appeal from Adams District Court.* — HON. W. H. TEDFORD, Judge.

SATURDAY, JUNE 1, 1895.

The plaintiff filed his petition for the appointment of a receiver to manage and control certain real estate pending litigation in which the title to the property is in dispute between the parties. Notice of the application was given to the defendants, and a hearing was had, and a receiver was appointed. From the order

making such appointment the defendants appeal.—
*Affirmed.*

*Davis & Wells* for appellants.

*W. O. Mitchell in pro. per.*

Rothrock, J.—I.   The property in controversy con-
sists of six and one-half lots in the city of Corning, on
which is situated a large and valuable dwelling house,
with the usual out-buildings and improvements.   The
property was once owned by one Beymer, and was sold
at sheriff's sale by Moses Colby, and before the time for
the redemption of the premises expired Colby died, and
the defendant John N. Roland was appointed adminis-
trator of his estate.   A sheriff's deed was made to
Roland.   The plaintiff, Mitchell, claims to be the owner
of the property by a contract with the heirs of Colby,
and the defendants claimed that they were the owners
by reason of certain arrangements with said heirs.   A
further statement of the claims of the parties to the
property is unnecessary.   It is sufficient to say that
when the main action was commenced the property was
vacant and unoccupied, and the defendants were
enjoined from taking possession thereof, and upon the
final hearing the plaintiff was decreed to be the owner
of the property.   The defendants appealed, and filed
a supersedeas bond, so that pending the appeal the prop-
erty remained vacant, with no one authorized to rent it,
or to make necessary repairs, to prevent waste, and to
insure it against loss by fire, lightning, etc.   A receiver
was appointed, and the order provided that he should
"take charge of said property, and rent the same, and
insure it against loss by fire, lightning, and cyclones,
and make such repairs as will prevent waste;" and that,
if an appeal from the order be taken, the bond should
be in the sum of five thousand dollars, and conditioned

to pay all losses sustained by plaintiff from fire, lightning, and cyclones, and damages from property being vacant, loss of rents, and by reason of want of care and repairs, and the bond was to operate as a supersedeas. The defendants gave the bond, and, so far as appears, the property is yet vacant and unoccupied. Some question is made as to the legality of the conditions of the supersedeas bond. It will be time enough to consider how far the defendants may be liable thereon when the litigation has been brought to a close. And we think, from an examination of the affidavits and counter-affidavits on the hearing for the appointment of a receiver, that the court properly decided that the property should be cared for by some one. In other words, the evidence shows that it was a proper case for the appointment of a receiver.

II. The only question presented by the appeal is whether the district court, or a judge thereof, has authority to appoint a receiver to take charge of and protect property which is in litigation, after the cause has been determined in the district court and appealed to this court. There is no question that a receiver might have been appointed before the main case was decided in the district court. Section 2903 of the Code is as follows: "On the petition of either party to a civil action or proceeding wherein he shows that he has a probable right to or interest in any property which is the subject of the controversy and that such property or its rents or profits are in danger of being lost or materially injured or impaired * * * the court or in vacation the judge thereof, if satisfied that the interests of one or both parties will be thereby promoted and the substantial rights of neither unduly infringed, may appoint a receiver to take charge of and control such property under its direction during the pendency of the action and may order and coerce the delivery of it to him." It is to be conceded that after

a cause has been tried and decided by the trial court, and an appeal duly taken, the court has no power to hear the parties further upon any question which has been decided. Its jurisdiction is closed as to all the questions at issue. But the general jurisdiction of the court to protect and preserve the property which is the subject of the litigation is a collateral question, in no way involving the issues presented to this court on appeal; and it will be observed that the statute above cited does not provide when the application for a receiver may be made, except that it be on the petition of either party to an action; and the appointment authorizes the receiver to control the property during the pendency of the action. This would include the pendency of an appeal in this court. We discover no statutory obstacle in the way of the appointment of a receiver upon a proper application at any time during the pendency of the action and before it is finally decided in this court; and, in the absence of statutory prohibition, we think it ought to be held that the trial court may at any time, in a proper case, make this provision for the preservation of the property which is the subject of the action. The order of the district court is *affirmed.*