## Hunt, et al. v. Hunt, et al.

(Decided March 12, 1914.)

### Appeal from Pike Circuit Court.

Practice—Pleadings.—On the reversal of a judgment of the circuit court sustaining a demurrer to a petition, the case stands in the circuit court just as it would have stood if the circuit court had overruled the demurrer to the petition; and the party demurring may plead when his demurrer is overruled.

R. H. COOPER, J. M. ROBERSON, STRATTON & STEPHENSON and C. M. WHITT for appellants.

JOHN F. BUTLER for himself.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Overruling motion for Rule.

Appellants brought this action asserting title to one-third of a tract of land under a deed made by Jesse Phil-

lips and wife to Harrison Fields. The circuit court sustained a demurrer to the plaintiff's petition holding that under the deed, Harrison Fields took a fee in the land. The plaintiffs declining to plead further their petition was dismissed and they appealed to this court. On the appeal it was held that Harrison Fields took under the deed only a life estate and that one-third of the land descended to the plaintiffs from their mother. The case was reversed with directions to enter a judgment in conformity with the opinion. (Hunt v. Hunt, 154 Ky., 679). On the return of the case the circuit court entered a judgment overruling the defendant's demurrer to the plaintiff's petition and adjudging that under the deed they took a one-third interest in the land as held by this court. The defendants moved the court to enter a judgment adjudging to them one-third interest in the land, and the circuit court having declined to enter this judgment, they have entered a motion for a rule in this court against the circuit judge to show cause why he has not obeyed the mandate. He entered his appearance to the motion and filed a response, from which the foregoing facts appear.

When the demurrer to the petition was overruled upon appeal to this court the situation of the case when it returned to the circuit court was precisely what it would have been if the circuit court had in the first instance overruled the defendant's demurrer to the petition. When their demurrer to the petition was overruled the defendants had the right to tender an answer. This they did. There is nothing in the opinion of this court preventing the filing of the answer. The case was here simply on demurrer to the petition. We only held that the petition showed a cause of action. But the defendants may plead to the cause of action thus shown by the petition just as they might have done if the circuit court had in the first place rendered the same opinion which we rendered. The circuit court properly so held.

The motion for a rule is overruled.