·OLAF OLSON, Eva Olson and Edward B. Olson, Appellants, v. UNION CENTRAL LIFE INSURANCE COMPANY, a Corporation, Eaton Loan Agency, a Corporation, First State Bank of Kulm, North Dakota, a Corporation.

UNION CENTRAL LIFE INSURANCE COMPANY, a Corporation, Respondent.

(228 N. W. 223.)

Opinion filed December 24, 1929.

*Robert A. Eaton,* for appellants.

*Holt & Frame,* and *Lawrence, Murphy & Nilles,* for respondent.

NUESSLE, J. This appeal is from an order of the district court of LaMoure county appointing a receiver for certain crops and restraining the appellants from encumbering or disposing of the same. The appellants have complied with few if any of the requirements prescribed by the Rules of Practice of this court with respect to the taking of appeals, and for that reason the appeal properly should be dismissed. See Rule 36, 41 N. D. p. 702, 180 N. W. p. XI. We have, however, examined into the merits of the appeal and are of the opinion that, in any event, the order of which the appellants complain should be affirmed.

The order in question was entered on the application of the respondent and after hearing. There is no certificate of the district judge identifying the papers used by the parties on the hearing of the application and upon which the order is based. We gather, however, from the papers which were transmitted on the appeal in the main case with the same title as this (see ante, 176, 225 N. W. 124), including the order from which the appeal is taken, the following: The appellants had executed and delivered a mortgage covering certain real property belonging to them. This mortgage was foreclosed and the property sold at foreclosure sale in November, 1924. The sheriff's certificate was assigned to the respondent, the Union Central Life Insurance Company. No redemption was made from the sale and a deed was issued pursuant to the certificate upon expiration of the period of redemption. However, in September, 1925, the appellants began this action to set aside and vacate the sale. The respondent insurance company, answering, set up that it was the owner of the real property in question and that the appellants were wrongfully in possession thereof, and prayed for an affirmative judgment quieting title in itself and awarding it the possession of the property as against the appellants. The last pleadings were served in February, 1926. Thereafter the case came to trial on the issues as thus made, and in June, 1927, judgment was entered in favor of the respondent adjudging it to be the owner of the said real property, quieting title in it as against the appellants, and awarding to it the possession thereof. In the mean-

time, and during the years 1925, 1926 and 1927, the appellants were in possession of the premises and had the use and occupancy of the same. They farmed the land and appropriated to themselves the crop raised in the year 1926, making no accounting to the respondent therefor. They sowed the land to crop again in 1927. When judgment was entered in favor of the respondent in June, 1927, the appellants asked for a stay of execution to enable them to perfect an appeal, and a stay was granted. On or about the first day of August, 1927, no appeal then having been perfected, the respondent applied for the order from which the appellants here appeal. In its application and showing by affidavit the respondent set forth the facts as hereinbefore stated and, further, that the appeal had not been perfected; that a valuable crop was about to mature on the premises; that the appellants, asserting title to the same, were about to harvest the crop; that the appellants were insolvent and if they appropriated the crop, respondent would have no effective remedy against them and would lose the same. The matter came on for hearing pursuant to notice on the 19th of August, 1927. On that date the appellants perfected their appeal to this court in the main action by serving their notice of appeal and undertaking. They also appeared and resisted the application for the receivership and injunction. The matter was heard by the court and after consideration the application was granted and an order made accordingly on August 22d. The undertaking on appeal in the main action was conditioned pursuant to § 7824, Comp. Laws 1913 that the appellants would pay all costs and damages which might be awarded against them on the appeal not exceeding the sum of $250, and further, pursuant to § 7828, Comp. Laws 1913, that during the pendency of such appeal they would neither commit nor suffer to be committed any waste on the property in suit then in their possession, and if the judgment were affirmed they would pay the value of the use and occupation of such property from the time of taking the appeal until delivery of possession of the same pursuant to the judgment, in an amount not exceeding the sum of $1,500, the amount directed by the court. The order granting the application for the appointment of a receiver designated the receiver, and provided that he should enter into possession of the premises and conserve the crop, and that after paying the charges entailed in so doing the receiver should hold

such crop subject to the further order of the court. The order further provided that the receiver should employ appellants or any of them for the purpose of harvesting, threshing and conserving such crops, unless by doing so the expense would be greater than if someone else were employed. The receiver qualified pursuant to the requirement of the order and harvested, threshed and conserved the crops in question, employing the appellants in doing this.

The appellants on this appeal contend, first: that when the appeal in the main action was perfected by the service of notice and undertaking on August 19, 1927, thereby the trial court was divested of all jurisdiction with respect to the real property in question, and with respect to the crops growing thereon, the subject of the application and order, and on that account the order must be reversed; that, in any event, the appellants having furnished an undertaking pursuant to the order of the court and the provisions of § 7828, Comp. Laws 1913, respecting waste and the value of the use and occupation of the premises from the time of the appeal, that the respondent had not made such a case as would warrant the issuance of the order and on that account also the same must be reversed. On the other hand, the respondent contends that the case comes within the provisions of § 7588, Comp. Laws 1913, and particularly the fourth and sixth subdivisions thereof, providing that a receiver may be appointed by the court in which the action is pending, or by a judge thereof in the cases therein enumerated; and that, in any event, the court as a court of equity has the inherent power to conserve the property within its jurisdiction which is involved in any case pending before it.

The order of which the appellants complain is a discretionary order. Given facts which show jurisdiction in the court and sufficient to invoke the exercise of discretion, this court will not interfere where in such case the trial court exercised such discretion, except in case of an abuse thereof.

The main case had been tried and disposed of by the trial court. The judgment entered by that court was in favor of the respondent quieting title in it and awarding the possession of the premises in question to it. The crop involved in the receivership proceeding, with respect to which the order from which this appeal was taken was entered, was crop about to mature on the premises. At the time the

application for the order was made no appeal had been perfected. At that time the court unquestionably had jurisdiction and authority to appoint a receiver to conserve it if it were necessary that this be done. When the appeal was perfected the trial court was thereby divested of the power to hear the parties further upon any question involved in the determination of the main action, but it retained jurisdiction to protect and preserve the property which was the subject of the litigation. See § 7588, Comp. Laws 1913; Mitchell v. Roland, 95 Iowa, 314, 63 N. W. 606; Brinkman v. Ritzinger, 82 Ind. 358; Beard v. Arbuckle, 19 W. Va. 145; Penn Mut. L. Ins. Co. v. Semple, 38 N. J. Eq. 314; and generally the note in 72 Am. St. Rep. p. 39; High, Receivers, § 110; 3 C. J. 1268, et seq.

The showing of the respondent was that the appellants were insolvent; that the appellants had already appropriated the proceeds of the 1926 crop; that the 1927 crop was mature and about to be severed and that the appellants would appropriate that also and the same would be lost to the respondent even though the appeal were ultimately decided in its favor. The undertaking provided on the appeal which was subsequently perfected, insured the respondent against any waste that might be committed and that the appellants would account for the rents and profits from the time of the appeal until the delivery of possession pursuant to the judgment, if the same were affirmed. It seems to us that the undertaking thus given did not insure to the respondent the benefit of the mature crop which was about to be severed. The harvesting of the crop would not be an act of waste so as to come within the condition of the undertaking in that respect. Robinson v. Russell, 24 Cal. 467; 40 Cyc. 501, et seq. And as to the rents and profits, the undertaking covered only the value of the use and occupation subsequent to the date of the appeal. The crop belonged to the respondent pursuant to the judgment entered in the trial court and subject to the outcome of the appeal. It may be that the appellants would have an interest therein by reason of their having planted and conserved the same, but even so the respondent was entitled to be insured that it would get that part of the crop which belonged to it. See Corcoran v. Doll, 35 Cal. 476. Thus there was property in which the respondent was interested which was not protected by the undertaking and which the respondent might not be

able to reclaim if the appellants were insolvent. The trial court exercised its discretion in favor of the respondent on the showing as made and there was no abuse of such discretion in so doing. So on the merits as presented on this appeal the order must be affirmed.

BURKE, Ch. J., and BURR, CHRISTIANSON, and BIRDZELL, JJ., concur.