## Garnett v. Oliver.

(Decided December 28, 1931.)

MARCUS C. REDWINE and J. SMITH HAYS for plaintiff.

JOHN F. WINN and HARVEY T. LISLE for defendant.

OPINION BY JUDGE WILLIS—On Motion to Reinstate Attachment.

Garnett acquired by assignment from the payee a note executed by Oliver. He sued Oliver in the Clark circuit court, seeking to obtain a judgment for the face of the note, with two minor credits thereon. The circuit court ruled that the plaintiff's petition was deficient in omitting to allege the exact amount of the consideration paid for the assignment. The plaintiff stood upon his petition and suffered a dismissal thereof for declining to conform to the ruling of the court. An appeal was prosecuted, resulting in a reversal of the judgment. Garnett v. Oliver, 239 Ky. 813, 40 S. W. (2d) 322. Subsequent to the reversal, but before the mandate had been issued, Garnett filed an affidavit for an attachment, obtained an order therefor, and caused a levy thereof to be made upon some personal property. A claimant executed a forthcoming bond under section 214 of the Civil Code of Practice and retained possession of the attached property. Later the circuit court discharged the

attachment, and the plaintiff, in conformity with sections 269, 270 of the Civil Code of Practice, has applied to the undersigned judge of the Court of Appeals for its reinstatement.

The question is, Can a plaintiff in a suit that has been dismissed in the circuit court on the pleadings obtain from the clerk of that court an order of attachment while the case is still pending in the Court of Appeals?

It is settled that if the appeal from the particular order or judgment does not bring the entire cause into the appellate court, but only sufficient of the record to present the issue as to the propriety of the particular order or judgment, further proceedings in the conduct of the cause may properly be had in the lower court. 3 C. J., p. 1258, sec. 1370. And an appeal does not necessarily deprive the lower court of all jurisdiction, so as to prevent absolutely any action, even though such action does not affect the matters involved on the appeal and exclusively committed to the reviewing court. On the contrary, the case is often regarded as pending in the court of original jurisdiction for the purposes of proceedings other than such as pertain to the subject-matter of the judgment itself, or to the appeal and the proper hearing thereof, and concerning collateral or incidental matters necessary for the preservation of the fruits of the ultimate judgment, or affecting the status in quo of the parties. Matters of the character indicated are not placed by an appeal from its judgment beyond the jurisdiction, protection, and control of the lower court. 3 C. J. p. 1268, sec. 1385; Parrish v. Ross, 95 Ky. 318, 25 S. W. 266, 15 Ky. Law Rep. 682; Ex Parte Lohmuller, 103 Tex. 474, 129 S. W. 834, 29 L. R. A. (N. S.) 303.
. . .

"An appeal is a proceeding in the original cause, and the suit is pending until the appeal is disposed of." Mackenzie v. Englehard & Son, 266 U. S. 131, 69 L. Ed. 205. Cf. Golden v. Riverside C. & F. Co., 184 Ky. 200 and Com. v. Douglas, 241 Ky. 587.

Yet the lower court may not, while the case is pending in the Court of Appeals, permit the filing of amended pleadings, affecting the order appealed from, or allow the taking of depositions to be read thereon. Proceedings of that character are proper only after the mandate has been issued and filed and the case has been restored

to the docket of the lower court in accordance with the particular provisions of the Civil Code of Practice, sec. 761. Fugate v. Gill, 99 S. W. 602, 30 Ky. Law Rep. 731; Lloyd, Trustee, v. Matthews, 92 Ky. 300, 17 S. W. 795, 13 Ky. Law Rep. 537; Chestnut v. Russell, 69 S. W. 965, 24 Ky. Law Rep. 704; Hunt v. Hunt, 157 Ky. 835, 164 S. W. 102.

The judgment of the circuit court was not absolutely final, because it was subject to review and reversal by the higher court, and the action was still pending until a final judgment was rendered and the litigation ended. The defendant contends, and the lower court held, that, although the action was still pending, it was pending in the Court of Appeals, and, while so pending, no order of attachment could be obtained in the circuit court. The soundness of that contention and conclusion depends upon the proper construction of the provisions of the Civil Code respecting attachments. Attachment is a provisional remedy created by statute, and the statutes must be strictly pursued to procure a lien upon the sequestered property. Pool v. Webster, 3 Metc. 278; Frick & Lindsay Co. v. Lantz, Etc., 199 Ky. 354, 251 S. W. 196; Hart County Dep. Bank v. Hatfield, 236 Ky. 725, 33 S. W. (2d) 660.

The Civil Code of Practice, sec. 194, provides that "the plaintiff may, *at or after* the commencement of an action, have an attachment against the property of the defendant, . . . *as a security for the satisfaction of such judgment as may be recovered,"* when the conditions described by the further provisions of the statute shall be complied with by him. Special emphasis must be placed upon the words italicised in order to understand the character, nature, and purpose of the remedy provided and the rights conferred. The statute is designed to provide a means of security for the satisfaction of any judgment that might ultimately be obtained in the action, even though rendered as the result of an appeal to correct errors of the circuit court.

It is an ancillary or incidental remedy, which must be obtained in the court where the action is brought or pending. Moore's Adm'r v. Sheppard, 1 Metc. 97. Section 196 of the Civil Code of Practice provides that "an order of attachment *shall be made by the clerk of the court in which the action is brought or pending,"* upon compliance by the plaintiff with the conditions specified.

Thus, the statute authorizes a mere ministerial officer continuously on duty, the clerk of the court in which the action was brought or is pending, to issue an order of attachment upon compliance by the plaintiff with the statutory conditions. It is not limited to a time when the action is still pending in that court where it was brought, but is broad enough to cover a time when the action might be pending in the appellate court. It may be suggested that the broad language of the Code was addressed to all possible situations and contingencies, and contemplated actions brought in inferior courts which had been transferred by appeal or otherwise to the circuit court for a trial de novo. Civil Code of Practice secs. 210, 720, 723, and sec. 724, et seq. Doubtless, it would apply to such cases; but that concession would not compel the conclusion that its application to those cases would exhaust the possibilities of its application to other situations. A case originating in the circuit court and pending in the appellate court would come clearly within its range. Indeed, it would appear that a case arising in an inferior court and pending in the circuit court would not require an attachment therein to be issued in the inferior court where it was brought, but such remedy could be taken in the circuit-court where the case was pending. A plaintiff might not be allowed the option of proceeding in such a case in the inferior court, when the same remedy was available to him in the circuit court which had plenary jurisdiction of the whole matter.

But when a case is brought in the circuit court and an order is made which is final as to that court, but from which an appeal is pending, no attachment could be obtained in the Court of Appeals. In such matters it is a court of appellate jurisdiction only (Constitution, sec. 110), and if the remedy may be invoked at all it must be procured in the circuit court. It is to be presumed that the provision of the Code was made sweeping enough to cover every contingency, and it should not be so construed as to deprive a party in any situation of all remedy to secure the satisfaction of his judgment when obtained. It is believed that the framers of the Civil Code contemplated that a plaintiff might obtain the remedy in every situation that could arise where his ultimate recovery might be made fruitless by the acts of the defendant, unless the attachment was allowed. Hence, the words quoted from section 196 of the Civil

30

Code of Practice must be held to apply to the circumstances presented in the present instance.

The statutes of other states are not identical with ours, but they are similar in purport and purpose, and have been construed by the various courts, as we have construed sections 194-196 to effectuate the purpose that actuated their enactment. Strickler v. Hargis, 34 Neb. 468, 51 N. W. 1039; Richardson v. Jenks, 56 Ohio St. 422, 47 N. E. 49; Appeal of New Brighton & N. C. R. Co., 105 Pa. 13; Mitchell v. Roland, 95 Iowa, 314, 63 N. W. 606; State v. District Court, 22 Mont. 245, 56 P. 281; Ex parte Lohmuller, 103 Tex. 474, 129 S. W. 834, 29 L. R. A. (N. S.) 303.

It is ordered that the order of attachment be, and the same is hereby, reinstated in full force and effect.

Judges CLAY and THOMAS sat with me in the consideration of the motion and concur in this opinion and order.

Given under my hand as judge of the Court of Appeals this 28th day of December, 1931.

S. S. WILLIS,
*Judge of the Court of Appeals.*