RENDERED: FEBRUARY 17, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1251-MR

TONYA STALLARD                                                                            APPELLANT

v.                          APPEAL FROM LETCHER CIRCUIT COURT
                            HONORABLE ALISON WELLS, JUDGE
                            ACTION NO. 20-CI-00229

JOHN JOHNSON; AUSTIN
JOHNSON; BENNIE MCCALL;
CHEDDY SMITH; CITY OF
WHITESBURG POLICE
DEPARTMENT; JACK BANKS; KRIS
JOHNSON; LETCHER COUNTY
FISCAL COURT; MAVERICK COOK;
SHERRY SEXTON; TERRY ADAMS;
AND WALMART                                                                               APPELLEES

AND

NO. 2022-CA-0351-MR

TONYA STALLARD                                                                            APPELLANT

v.                          HONORABLE ALISON WELLS, JUDGE
                            ACTION NO. 20-CI-00229


JOHN JOHNSON; AUSTIN
JOHNSON; BENNIE MCCALL;
CHEDDY SMITH; CITY OF
WHITESBURG POLICE
DEPARTMENT; JACK BANKS;
LETCHER COUNTY FISCAL
COURT; MAVERICK COOK;
SHERRY SEXTON; TERRY ADAMS;
AND WALMART                                                    APPELLEES


OPINION
AFFIRMING AS TO
BOTH APPEALS

** ** ** ** **

BEFORE:  ACREE, COMBS, AND ECKERLE, JUDGES.

COMBS, JUDGE:  This Opinion involves two appeals arising from the same

incident:  an injury suffered by the Appellant in a Walmart parking lot.  Though

not officially consolidated by order to be heard together, they have been assigned

together for the review of this panel.  We have consolidated our two Opinions into

one, captioning each case and considering the merits of each separately.  After our

review, we affirm as to both appeals.

Tonya Stallard challenges the summary judgment of the Letcher Circuit Court entered in favor of Austin Johnson, a constable and officer with the Whitesburg Police Department, sued in his individual capacity. After our review, we affirm.

On October 23, 2019, Stallard and her mother traveled to the Walmart located in the Whitesburg Plaza Shopping Center. When Stallard and her mother finished shopping, they exited Walmart and crossed the shopping center's parking lot pushing a shopping cart. After unloading the shopping cart, Stallard's mother began pushing the cart toward a nearby cart corral. However, she decided not to push the cart into the corral and instead left it in the shopping center parking lot. Upon observing this action and apparently becoming irate at the failure to place the shopping cart properly, John Johnson and Kris Johnson allegedly began shouting at Stallard's mother. When Stallard approached her mother on foot, the Johnsons began yelling at her as well. After some fierce name-calling and the exchange of a volley of angry words, John Johnson allegedly pointed a firearm at Stallard, shoved her to the ground, and fractured her arm.

Austin Johnson (no relation) responded to the scene. John Johnson and Kris Johnson were charged with several criminal offenses. Stallard and her mother reported to the emergency services and to the hospital staff that John

Johnson caused Stallard's injuries and that the incident occurred outside Little Caesars, a pizza restaurant in Whitesburg Plaza Shopping Center.

On October 22, 2020, Stallard filed a civil action in Letcher Circuit Court against: John Johnson and Kris Johnson; Walmart; the City of Whitesburg Police Department; and Austin Johnson (both individually and in his official capacity as a police officer with the City of Whitesburg Police Department). Her causes of action against the City of Whitesburg Police Department and Austin Johnson included assault, battery, intentional infliction of emotional distress, and false arrest. She also alleged that Austin Johnson abused his power as a peace officer by deferring to John and Kris Johnson and by failing to apply the law in a neutral manner. Stallard asserted a claim of negligence against Walmart for allegedly failing to keep its premises reasonably safe. The claims asserted against John Johnson and Kris Johnson are not relevant to the appeal.

In May 2021, the Letcher Circuit Court dismissed Stallard's claims against the City of Whitesburg Police Department and Austin Johnson, **in his official capacity**, based upon governmental and official immunity. Although the trial court did not designate its order dismissing as final and appealable, Stallard filed a notice of appeal of the trial court's order dismissing her claims against the police department and Austin Johnson, in his official capacity. The claims against

-4-

Austin Johnson, **in his individual capacity**, and Walmart **remained on the trial court's active docket**.

Walmart filed a motion for summary judgment on June 8, 2021. Thereafter, Austin Johnson, in his individual capacity, served interrogatories, requests for production, and requests for admission upon Stallard. Stallard never responded to the discovery requests.

At the oral argument on Walmart's motion for summary judgment, Stallard objected to the court's jurisdiction to entertain the matter on the ground that her appeal of the dismissal of the police department and Austin Johnson, in his official capacity, was pending before this Court. During the hearing, the trial court ordered the parties to file briefs regarding the breadth of the trial court's jurisdiction following Stallard's notice of appeal.

On June 30, 2021, we ordered Stallard to show cause why her appeal should not be dismissed as having been taken from an interlocutory order.

On August 4, 2021, Austin Johnson, in his individual capacity, filed a motion for summary judgment based on qualified official immunity and Stallard's failure to respond to his requests for admission. Stallard did not request additional time to answer the discovery.

According to Johnson's motion for summary judgment, Stallard's failure to respond to the requests for admissions conclusively established that

Austin Johnson did not: restrain or detain Stallard; touch her in any harmful or offensive manner; cause her any physical injury; or threaten her. Stallard did not submit an affidavit in an effort to contradict, amend, or withdraw the statements deemed admitted. Nor did she identify any genuine issues of material fact that would preclude the entry of summary judgment in favor of Austin Johnson, in his individual capacity. However, her written statement contradicts her assertions and instead indicates that Austin Johnson responded to the call for assistance; de-escalated the encounter; and reviewed recorded surveillance footage that captured the encounter on video. Her statement recites that Stallard was taken from the parking lot by ambulance and that she received medical treatment for the injuries that she indicated were caused by John Johnson.

In September 2021, we dismissed Stallard's first appeal in this matter as having been taken from an interlocutory order. Thereafter, the trial court granted Austin Johnson's motion for summary judgment designating the order as final and appealable. This second appeal then followed.

Although Stallard's brief contains a summary of the facts and procedural events relevant to the issues presented on appeal, it contains no reference to the specific location in the record supporting each statement included in the narrative. Instead, where citations to the record would be expected, she has inserted a series of question marks. Our rules of civil procedure have required (and

-6-

our rules of appellate procedure continue to require) parties on appeal to provide these citations. CR[1] 76.12; now RAP[2] 10(B). This Court may impose sanctions where a party's brief fails to conform to requirements. Sanctions available to us include striking the offending brief; dismissing the appeal; and imposing fines upon counsel. CR 73.02; RAP 32. However, in light of the straightforward nature of the issues raised on appeal, we have elected not to sanction either Stallard or her attorney. Nonetheless, we remind and admonish counsel of the ongoing requirement to comply with the procedural rules.

On appeal, Stallard contends that the trial court erred by failing to conclude that it had been divested of the jurisdiction necessary to grant summary judgment to Austin Johnson, in his individual capacity. She argues that her notice of appeal of the order dismissing the City of Whitesburg Police Department and Austin Johnson, in his official capacity, stayed the entirety of the trial court proceedings as a matter of law. She contends that the Letcher Circuit Court lacked authority to permit pre-trial discovery and, ultimately, to entertain Austin Johnson's dispositive motion. We disagree.

---

[1] Kentucky Rules of Civil Procedure.

[2] Rules of Appellate Procedure -- effective as of January 1, 2023.

The parameters of our appellate jurisdiction are set by the General Assembly. KRS[3] 22A.020. With limited exceptions not relevant here, an appeal to this Court is allowed only from a circuit court's final order or judgment. *Id.* A final order or judgment is one "adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02." CR 54.01.

A litigant's notice of appeal is the procedural mechanism by which our jurisdiction is invoked. *Johnson v. Smith*, 885 S.W.2d 944 (Ky. 1994). The notice must identify "the judgment, order, or part thereof appealed from." CR 73.03; RAP 2(B). With limited exceptions -- again not relevant to this case, a notice of appeal must specify a *final* order or judgment. Designating an order that is not immediately appealable fails to invoke our jurisdiction. *Cassetty v. Commonwealth*, 495 S.W.3d 129 (Ky. 2016). While a timely filed notice of appeal from a final and appealable order brings the parties before us, there is ordinarily no appellate jurisdiction over an interlocutory order of a trial court. *See Viall v. Coulton*, 288 Ky. 690, 157 S.W.2d 302 (1941).

Absent an appealable order or judgment, we lack jurisdiction to consider an appeal. And it is for this reason that in September 2021, we dismissed Stallard's first appeal in this matter as having been taken from a clearly interlocutory order. A litigant cannot take an appeal from an order which is not yet

---

[3] Kentucky Revised Statutes.

appealable. Because Stallard's notice of appeal did not identify an appealable order or judgment, the trial court proceedings were never interrupted. The notice of appeal did not affect the trial court's authority to proceed with the case because no valid appeal was pending. *See Farmers' Bank & Trust Co. v. Stanley*, 190 Ky. 762, 228 S.W. 691 (1921). If this were not true, a litigant could deprive the circuit court of jurisdiction to try or to determine a case on its merits -- *at any time* -- by simply taking an appeal to this Court from a nonappealable, interlocutory order of the circuit court. Our rules prohibit such a circuitous strategy.

The circuit court properly applied this long standing principle to determine its authority to proceed with the litigation. Stallard has asserted that she "had no reasonable way to know that no appellate stay was in place or that she was required to continue with discovery against Johnson during pendency of the appeal . . . ." The civil rule, however, served as clear notice to her, contradicting her representation. Therefore, we also reject Stallard's contention that the trial court, *sua sponte*, was required to announce that the proceedings would not be suspended before Stallard could be expected to comply with Austin Johnson's discovery requests.

Stallard's decision not to respond to Austin Johnson's discovery requests was unreasonable under the circumstances as well as fatal to her case as a matter of law. Without any legal justification or excuse, Stallard ignored proper

discovery requests propounded by Johnson -- including the requests to admit. CR

36.01(2) provides, in pertinent part, that when a party makes a written request

of another party to admit the truth of a matter, the matter is deemed

admitted unless -- within 30 days after service of the request -- the party to whom

the request is directed serves upon the party requesting the admission a written

answer or objection. CR 36.02 provides that "[a]ny matter admitted under Rule 36

is **conclusively established** unless the court on motion permits withdrawal or

amendment of the admission." (Emphasis added.)

A judicial admission "has the effect of removing a fact or issue from

the field of dispute; it is conclusive against the party and may be the underlying

basis for a summary judgment, directed verdict, or judgment notwithstanding the

verdict." *Berrier v. Bizer*, 57 S.W.3d 271, 279 (Ky. 2001) (quoting R.

LAWSON, THE KENTUCKY EVIDENCE LAW HANDBOOK § 8.15, at 386 (3d ed.

1993)). Stallard's failure to respond to the requests to admit meant that the issues

addressed were deemed admitted pursuant to the provisions of CR 36.01(2),

providing a basis for the summary judgment entered against her. If a party ignores

or misconstrues this procedural rule, the result is serious indeed.

Summary judgment shall be granted only where "pleadings,

depositions, answers to interrogatories, stipulations, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. Because summary judgment involves only questions of law and not the resolution of disputed material facts, we do not defer to the trial court's decision. *Goldsmith v. Allied Building Components, Inc.*, 833 S.W.2d 378 (Ky. 1992). Instead, we must review the decision *de novo*. *Cumberland Valley Contrs., Inc. v. Bell County Coal Corp.*, 238 S.W.3d 644 (Ky. 2007). Upon our review, we determine "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

Before the trial court, "[t]he moving party bears the initial burden of showing that no genuine issue of material fact exists, and then the burden shifts to the party opposing summary judgment" to present some affirmative evidence establishing an issue for trial. *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001). That is, "[t]he party opposing a properly presented summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing the existence of a genuine issue of material fact for trial." *City of Florence, Kentucky v. Chipman*, 38 S.W.3d 387, 390 (Ky. 2001).

Stallard failed to conduct any discovery with respect to her claims against Austin Johnson for a period of more than ten months following her commencement of her action against him. She marshalled no affirmative evidence

in support of her claims, relying instead on "matters outlined in [her] Amended Complaint." However, parties "opposing summary judgment cannot rely on their own claims or arguments without significant evidence in order to prevent a summary judgment." *Blackstone Mining Co. v. Travelers Ins. Co.*, 351 S.W.3d 193, 201 (Ky. 2010) (citing *Wymer v. JH Properties, Inc.*, 50 S.W.3d 195, 199 (Ky. 2001)).

The trial court properly and correctly concluded that its jurisdiction was unaffected by Stallard's notice of appeal of the dismissal of the action against the police department and Austin Johnson, **in his official capacity**. Stallard did not show that a genuine issue of material fact existed which would preclude summary judgment in favor of Johnson, **in his individual capacity**. Consequently, the trial court did not err by granting summary judgment and dismissing the claims against him.

We affirm the summary judgment of the Letcher Circuit Court in Appeal Number 2021-CA-1251-MR.

<u>APPEAL NO. 2022-CA-0351-MR</u>

Tonya Stallard has also challenged the summary judgment of the Letcher Circuit Court entered in favor of Walmart, Inc. After our review, we affirm.

-12-

The facts underlying this appeal are the same as those recited at the beginning of the first portion of this opinion dealing with Appeal Number 2021-CA-1251-MR. For the sake of convenience of reference, we recapitulate them here.

On October 23, 2019, Stallard and her mother traveled to Whitesburg Plaza Shopping Center to shop at Walmart. When they finished shopping, Stallard and her mother left the store. They crossed the shopping center's parking lot and unloaded their shopping from the cart to the car. Stallard's mother attempted to return the empty cart to a cart corral located in the parking lot, but she fell short of pushing it into the corral, leaving it in the shopping center parking lot. Upon observing her incomplete placement of the cart, John Johnson and Kris Johnson apparently became irate and started shouting at Stallard's mother.

When Stallard approached her mother on foot, the Johnsons began yelling at her as well. Stallard and the Johnsons then exchanged angry words and insults. John Johnson allegedly pointed a firearm at Stallard, shoved her to the ground, and fractured her arm. Officer Austin Johnson of the Whitesburg Police Department responded to the scene. John Johnson and Kris Johnson were eventually charged with several criminal offenses. Stallard and her mother reported to the emergency services and to the hospital staff that the incident

occurred outside Little Caesars, a pizza restaurant located in Whitesburg Plaza Shopping Center.

On October 22, 2020, Stallard filed a civil action in Letcher Circuit Court against John Johnson and Kris Johnson; Walmart; the City of Whitesburg Police Department; and Austin Johnson (both individually and in his official capacity as a police officer with the City of Whitesburg Police Department). Her causes of action against the City of Whitesburg Police Department and Austin Johnson included assault, battery, infliction of emotional distress, and false arrest. She asserted a claim of negligence against Walmart for allegedly failing to keep its premises reasonably safe. Her claims against Kris Johnson and John Johnson are not relevant to the appeal. This portion of the Opinion involves Stallard's appeal with respect to Walmart.

Walmart served written discovery requests upon Stallard, and after Walmart's motion to compel was granted by the trial court, Stallard responded to the requests. Stallard did not serve written discovery requests upon Walmart, nor did she take any depositions.

As noted above, in May 2021, the Letcher Circuit Court dismissed Stallard's claims against the City of Whitesburg Police Department and Austin Johnson, in his official capacity, based upon governmental and official immunity. Although the trial court did not designate its order dismissing as final and

appealable, Stallard filed a notice of appeal of the trial court's order dismissing her claims against the police department and Austin Johnson, in his official capacity. The claims against Austin Johnson, in his individual capacity, and Walmart were not dismissed and remained on the trial court's active docket.

Walmart filed its first motion for summary judgment on June 8, 2021. It argued, in part, that it bore no responsibility for the assault because the shopping center was owned by Whitesburg Plaza, LLC. While Whitesburg Plaza leased buildings upon its premises to various retailers, including Walmart, Whitesburg Plaza maintained control of the shopping center's common areas, including the parking lot.

Thereafter, Austin Johnson, in his individual capacity, served interrogatories, requests for production, and requests for admission upon Stallard. Stallard never responded to these discovery requests.

At oral argument on Walmart's motion for summary judgment, Stallard objected to the court's jurisdiction to entertain the matter on the ground that her appeal of the dismissal of the police department and Austin Johnson, in his official capacity, was pending before this appellate Court. During the hearing, the trial court ordered the parties to file briefs addressing the nature of the trial court's jurisdiction over the matter following Stallard's notice of appeal.

On June 30, 2021, we ordered Stallard to show cause why her appeal should not be dismissed as having been taken from an interlocutory order.

On August 2, 2021, the trial court denied Walmart's motion for summary judgment. Its order referred specifically to Stallard's opportunity to conduct discovery concerning the issues raised in Walmart's motion for summary judgment. The court invited Walmart to renew its motion following the completion of discovery.

On August 4, 2021, Austin Johnson, in his individual capacity, filed a motion for summary judgment based on qualified official immunity and Stallard's failure to respond to his requests for admission. Stallard did not request additional time to answer the discovery. She did not submit an affidavit in an effort to contradict, amend, or withdraw the statements deemed admitted. Nor did she identify any genuine issues of material fact that would preclude the entry of summary judgment in favor of Austin Johnson, in his individual capacity.

In September 2021, we dismissed Stallard's first appeal in this matter as having been taken from an interlocutory order. Thereafter, the trial court granted Austin Johnson's motion for summary judgment designating the order as final and appealable. Stallard's second appeal followed.

Despite the trial court's explicit suggestion that she do so, Stallard did not serve discovery requests upon Walmart, nor did she engage in any other

discovery efforts. Consequently, Walmart renewed its motion for summary judgment in January 2022. Stallard responded to the motion, arguing again that the trial court lacked jurisdiction over the matter because her second appeal was now pending in this Court. The Letcher Circuit Court rejected Stallard's argument and granted summary judgment to Walmart in February 2022, designating the order as final and appealable. This appeal, Stallard's third, followed.

On appeal, Stallard contends that the trial court erred by failing to conclude that it had been divested of the jurisdiction necessary to grant summary judgment to Walmart. She argues that her notice of appeal of the order granting summary judgment to Austin Johnson, in his individual capacity, stayed the entirety of the trial court proceedings as a matter of law. She contends that the Letcher Circuit Court lacked authority to permit pre-trial discovery and, ultimately, to entertain Walmart's dispositive motion. We disagree.

Generally, jurisdiction of a case transfers from the trial court to the appellate court upon the filing of a notice of appeal. *City of Devondale v. Stallings*, 795 S.W.2d 954 (Ky. 1990). However, an exception to that general rule arises where the appeal does not address all claims, meaning that the trial court may act on claims that are not the subject of the appeal. *Garnett v. Oliver*, 242 Ky. 25, 45 S.W.2d 815, 817 (1931) ("[I]f the appeal from the particular order or

judgment does not bring the entire cause into the appellate court . . . further proceedings in the conduct of the cause may properly be had in the lower court.").

Thus, even while Stallard appealed the judgment entered in favor of Austin Johnson, individually, the circuit court retained jurisdiction over the claims pending against Walmart. Because no part of the claims asserted against Walmart was subject to the appeal, the trial court's authority to allow ongoing discovery pertaining to the those claims remained with the circuit court. The trial court was in no manner compelled to order the entire matter abated pending resolution of Stallard's second appeal. Consequently, we reject Stallard's assertion that "[a] stay applied during the pendency of the appeal as a matter of law."

Because the circuit court applied this long standing principle to determine its authority to proceed with the litigation, we reject Stallard's assertion that she had no opportunity to engage in discovery. We also reject Stallard's contention that the trial court was required to order that the proceedings would not be suspended before Stallard could be expected to engage in pre-trial discovery.

Summary judgment is properly granted where "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. Because summary judgment involves only questions of law and

not the resolution of disputed material facts, we do not defer to the trial court's decision. *Goldsmith*, 833 S.W.2d 378. Instead, we review the decision *de novo. Cumberland Valley Contrs., Inc.*, 238 S.W.3d 644.

Before the trial court, "[t]he moving party bears the initial burden of showing that no genuine issue of material fact exists, and then the burden shifts to the party opposing summary judgment" to present evidence establishing an issue for trial. *Lewis*, 56 S.W.3d at 436. That is, "[t]he party opposing a properly presented summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing the existence of a genuine issue of material fact for trial." *Chipman*, 38 S.W.3d at 390. Stallard failed to conduct any discovery with respect to her claims against Walmart. She presented no affirmative evidence in support of her claims.

The trial court did not err by concluding that its jurisdiction was unaffected by Stallard's notice of appeal of the dismissal of the action against Austin Johnson in his individual capacity. Stallard did not show that a genuine issue of material fact existed which would preclude summary judgment in favor of Walmart. Consequently, the trial court did not err by granting summary judgment and dismissing the claim.

The summary judgment of the Letcher Circuit Court is affirmed with respect to Appeal Number 2022-CA-0351-MR.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Glenn Martin Hammond
Pikeville, Kentucky

BRIEF FOR APPELLEE AUSTIN JOHNSON:

John W. Walters
Gary W. Johnson
Lexington, Kentucky

BRIEF FOR APPELLEE WALMART, INC.:

Jennifer Kincaid Adams
Emily C. Lamb
Louisville, Kentucky