CHIEF JUSTICE SIMPSON
delivered the opinicot op the court:
The appellants filed a petition in equity, in which they alleged that the defendant, A. G. Connelly, was indebted to them by note in the sum of one hundred and seventeen dollars; that she had an interest in a house and lot in the town of Shelbyville, and that she intended and was about to sell or dispose of that interest, for the purpose of defrauding her creditors. They therefore prayed for an injunction and attachment, and that the property might be subjected to the payment of their debt.
An injunction and attachment were obtained according to the prayer of the petition, and the process was served on the defendant, America G. Connelly, on the 11th of September, 1855.
On the 20th day of the month of December next ensuing she sold and conveyed her interest in the house and lot above mentioned to M. D. McHenry.
At the March term, 1856, the plaintiffs filed an amended petition, in which they stated that they had recovered a judgment against the defendant by ordinary proceedings, for the debt mentioned in their original petition, on which an execution had issued, and been returned no property found by the proper officer.
The defendant, A. G. Connelly, subsequently filed her answer, in which she denied positively the alleged fraudulent intent, and stated that when the process was served upon her, she supposed it was only a suit on the note for the money, and did not know that an injunction or attachment had been issued. She also stated that there was a mortgage on the property at the time this action was brought, and that she sold the property to *655 McHenry at the price of two hundred and nineteen dollars, to pay the debt due to the mortgagees, and another debt to a man by the name of Adler, and that the payment of said debts exhausted all the purchase money, except the sum of thirty-five dollars which she received in cash.
McHenry was made a defendant, upon his petition filed for that purpose, and claimed the property by virtue of his purchase. He denied that his co-defendant, A. G. Connelly, ever entertained an intention to sell or dispose of the property to defraud her creditors; denied that he had any knowledge of the pendency of this action when he made the purchase, and alleged that it was made in good faith and for a valuable consideration, which was all paid before he had any notice in fact of the existence of this suit.
On final hearing, the court below dismissed the plaintiffs’ petition, and they have appealed to this court.
There is no testimony even tending to sustain the charge of an intention to sell or dispose of the property fraudulently. The plaintiffs, therefore, were not entitled to any relief upon the matters relied upon in their original petition. They were, however, entitled to relief upon the matters contained in their amended petition, unless the sale which was made of the property during the pendency of the action, but previous to the filing of the amended petition, had the effect to deprive them of that right.
It is argued, on the part of the appellants, that a lis pendens was created by the filing of the original petition, and the service of the process thereon; and that, as the object of the action, from its commencement until its conclusion, was to subject to sale the house and lot in the pleadings mentioned, for the payment of the debt due to the plaintiffs, the alienation of the property during the pendency of the action was unauthorized, and that the purchaser is affected in the same manner as if he had actual notice of the proceeding, and in every respect occupies the attitude of a pendente lite purchaser.
The general rule is, that a person who purchases during the pendency of a suit, is bound by the judgment that may be rendered against the person from whom he derives title. The rule *656 however, does not operate to annul the conveyance, but only to render it subservient to the rights of the parties to the action. (Cromwell vs. Clay, 1 Dana, 578; Kennard, &c., vs. Adams, 11 B. Mon., 105.)
The original petition was a proceeding in rem to subject real estate to the payment of the plaintiffs’ demand. The jurisdiction of the court, to furnish the relief sought for, was based and depended upon the allegation that the debtor intended to make a fraudulent disposition of the attached property. As that allegation was not sustained by proof, the court had no power, on that ground, to order a sale of the property, nor were the plaintiffs entitled to any relief on their original petition.
The purchase was made during the pendency of the litigation, under the original petition. The purchaser held subject to the result of that litigation, and subservient to the rights of the plaintiffs arising out of it. As, however, the plaintiffs were not entitled to a judgment upon the matters then in litigation, are the rights of the purchaser to be affected by another distinct ground of equitable relief, which was subsequently asserted by them in an amended petition ?
An entirely new lis pendens was created by this amendment. By it the plaintiffs’ right to come into a court of equity was placed upon a different and distinct ground. It did not operate as a continuation of the original equity which had been relied on, but asserted an additional and independent ground of equitable relief. It presented an entirely different state of case, and amounted, substantially, to a new cause of action. The lis pendens which it created cannot be permitted to relate back to the commencement of the action, so as to affect intervening rights.
This doctrine is well settled. It is said in Milford's Pleadings, (page 400,) that so far as a pendency of a suit can affect others than the parties to the suit, or strangers, matter brought into it by an amended bill will not have relation to the time of filing the original, but the suit will be so far considered as pendent only from the time of the amendment. The same doctrine was announced by this court in the case of Dudley vs. Price's adm'r, (10 B. Mon., 88,) in which it was said, that if, during the pen- *657 dency of a suit, any new matter or claim, not before asserted, is set up and relied upon by the complainant, the defendant has a right to insist upon the benefit of the time that has elapsed until the new claim is presented, because until that time there is no lis pendens, as to that matter, between the parties.
If the doctrine contended for on the part of the appellants were allowed to prevail, a creditor would be enabled, without any just cause, to attach the property of his debtor, prevent its alienation, and hold it subject to his demand until he could obtain a judgment thereon, and have an execution levied upon the property; or, by having the execution returned no property found, file an amended petition setting up the judgment, execution and return, and thus exhibit an equitable right to have the property subjected to the payment of his debt. A proceeding for such a purpose is unauthorized by any legal or equitable principle, and would be an anomaly in equitable jurisprudence.
The plaintiffs, by their amended petition, could only reach such estate as belonged to their debtor at the time the amendment was filed. They might thereby have acquired a lien upon all the estate which she then owned, but only upon such estate as she did then own. Her interest in the house and lot in controversy had been previously sold and conveyed to the purchaser, and the purchase money had been all paid. The purchaser held subject to the litigation which was pending at the time he made the purchase, but his rights were not affected by the new claim to relief which was subsequently presented in the amended petition. The plaintiffs failed to establish their claim, to subject the property to sale for the payment of their demand, upon the matters which they relied on for that purpose, at the time the purchase was made, and consequently the title of the purchaser became valid, the lis pendens under which the purchase was made having been determined in favor of the person from whom he purchased.
Wherefore, the judgment is affirmed.