Case 77.—ACTION BY T. P. WAGNER AGAINST JAMES HATCHER TO CANCEL A DEED AND QUIET THE TITLE TO A TRACT OF LAND.—May 31.

## Hatcher v. Wagner.

Appeal from Pike Circuit Court.

A. J. KIRK, Circuit Judge.

Judgment for plaintiff.    Defendant appeals.    Affirmed.

Attachments—Levy on Land—Sufficiency—Amendment—Rights of Purchaser Without Notice.

1. Under Civil Code of Practice, sec. 203, declaring that an attachment on land shall be executed by leaving a copy of the order with the occupant, or, if there be no occupant, in a conspicuous place thereon, the levy of an order of attachment on a tract of land owned by one party defendant by giving the occupant a copy and posting another does not create a lien upon a different tract of land half a mile distant and owned by another defendant.

2. Amendment—Rights of Purchaser    Without    Notice—Where the return of the execution of an order of attachment was insufficient to show that the attachment became a lien on certain land, the amendment of the return so as to show that it was levied on the land in question could not relate back to the time of the levy, so as to affect the rights of one who purchased without notice of the attachment before the amendment of the return, under Ky. Stats., sec. 2358, subsec. 2, providing that title of purchaser without notice shall not be affected unless memorandum of attachment was duly filed in the county clerk's office.

J. M. YORK and HAZELRIGG & HAZELRIGG for appellant.

JAMES GOBLE for appellee.

(No briefs.)

OPINION BY JUDGE NUNN—Affirming.

On the 26th day of February, 1892, T. B. Scott purchased from one Meyer Schamburg and wife the tract of land in controversy, and received a conveyance for the same.   On the 4th day of June, 1892, Scott and wife sold and conveyed this land to T. P. Wagner, the appellee.   Before these sales, A. J. Auxier and James M. York, on the 18th of June, 1890, instituted a suit against Meyer Schamburg and others on a debt against them, and sued out an order of attachment against their property, which was, on the 21st of July, 1890,

levied by the sheriff of Pike county, who indorsed on it the following return: "Executed by delivering to J. H. Leslie a copy of the within, and posted a copy of the same on J. H. Leslie's land, July 21st, 1890." Auxier and York took judgment for their debt at the January, 1899, term of the Pike Circuit Court, sustaining their attachment, and decreeing the sale of two tracts of their land to satisfy their judgment. The second tract described in the judgment included the land in controversy. The two tracts of land were sold on the 20th of March, 1899, and purchased by the appellant, Hatcher. Appellee was present, and objected to the sale, so far as it embraced the land in controversy, on the ground that he was the owner of it. The sale was approved by the court, and both tracts were conveyed to the appellant, and he was awarded a writ of possession. This suit was instituted to cancel the deed to appellant, in so far as it embraced the land purchased by appellee, and to quiet his title to same. He succeeded in the court below, hence this appeal.

Appellant claims that the land was under attachment, in the suit of Auxier and York v. M. Schamburg, &c., at the time appellee purchased; that a lis pendens existed, and the title the appellee acquired is inferior, and should yield to his superior and better title. The appellee contends that no part of the land in controversy was levied upon by the attachment referred to, and that no lien or lis pendens existed.

The first proposition is, was the land in question levied on? It is shown to be a separate and distinct tract, situated more than half a mile from that on which J. H. Leslie lived; that neither Leslie nor any one else was occupying it at the time; that all the levy that was made was to give J. H. Leslie a copy of the attachment, and to post another on the land he then

occupied, which was the first tract described in the judgment of Auxier and York v. Schamburg, &c. We expressly reserve, and do not decide, the question whether the levy of this attachment was sufficient to create a lien on the land between the parties to the action. The question before us is, was the description of the land in the officer's return sufficient to create a lis pendens lien, so as to make the title of a third party, a purchaser, subject to the lien?

The Code and Statutes prescribe how an attachment lien on real estate may be obtained and continued.

Sec. 203 of the Civil Code of Practice provides: "The order of attachment shall be executed by the sheriff without delay in the following manner: (1) Upon real property, by leaving with the occupant thereof, or, if there be no occupant, in a conspicuous place thereon, a copy of the order."

Sub-sec. 2 of sec. 2358 of the Statutes provides: "No attachment or execution hereafter issued, nor levy or sale under either shall in any manner affect the right, title to, or interest of a subsequent purchaser, lessee or incumbrancer without notice thereof of any real estate or any interest therein upon which attachment or execution may be or may have been levied, except from the time there shall be filed in the office aforesaid (county clerk's office) a memorandum, showing the number and style of the action in which said attachment or execution issued, the court from which it issued, the number, if any, of such attachment or execution, the date thereof, and the name of the persons in whose favor and against whom respectively it issued. Such notice may be filed by any party in interest."

It is conceded that this provision was not complied with by the attaching creditors or any one in interest, but it is contended by appellant that appellee had

notice of the existence of the levy and lien before he purchased. Upon the question of notice there was an issue, and the proof very conflicting. In our opinion, the levy of an order of attachment on one tract of land by giving the occupant a copy and posting another on it creates a lien on that tract, and affects the parties to the action, as well as subsequent purchasers; but such a levy can not be extended to another and different tract, at least one-half mile distant from it, so as to give a lien on it which would affect a subsequent purchaser, lessee, or incumbrancer. There being no one occupying the land in controversy, an attachment lien could be created on it, so as to affect a subsequent purchaser, lessee, or incumbrancer, only by leaving in a conspicuous place on the land a copy of the order. The Code requires this.

On the 2d of May, 1899, and after the purchase of the land by the appellant at the commissioner's sale, the person who was the officer who levied the attachment was permitted by the court to amend his return by giving a more particular description of the property levied upon by him. He endeavored to describe it in such a way as to include the land in controversy. What was the purpose of procuring this amended return almost nine years after the levy? If a lien existed by virtue of a levy, it was all appellant could demand; and, if it did not exist to the extent to make appellee a pendente lite purchaser, the amended return could not relate back to the levy and cut off the right of an intervening purchaser. (Stone v. Connelly, 1 Met., 657, 71 Am. Dec., 499; Jones v. Lusk, 2 Met., 359.)

For these reasons, the judgment of the lower court is affirmed.