## Golden v. Riverside Coal and Timber Company, et al.

(Decided May 9, 1919.)

### Appeal from Perry Circuit Court.

1. Lis Pendens—Right to Property.—A pendente lite purchaser takes the property with no greater rights, than his vendor.

2. Lis Pendens—Equities—Notice.—One who purchases property from one of the litigants, during the pendency of an action, which involves the ownership of the property or equities in it, with actual knowledge of the equities of the parties, takes it, subject to the judgment in the action.

3. Lis Pendens—Purchaser—Knowledge of Equities—Appeal.— Where the right of appeal exists, the appeal of an action from a judgment of the court of original jurisdiction, to the Court of Appeals, is a continuation of the action, and if the appealing party prosecutes his appeal with diligence, one who purchases the property, in controversy, from one of the litigants, after the judgment, appealed from, is rendered and before judgment upon the appeal, with actual knowledge of the equities of the other parties, is a pendente lite purchaser.

HIRAM H. OWENS and S. M. WARD for appellant.

F. J. EVERSOLE, HOGG & JOHNSON, BRUCE & BULLITT, WILLIAM MARSHALL BULLITT and WOOTEN & MORGAN for appellees.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

On September 26, 1907, the appellant, John E. Golden, entered into a contract with the appellee, Wm. M. Cornett, by which Golden purchased a large tract of land from Cornett. The price agreed to be paid for the land, was $10.00 per acre, and of which $200.00 was paid at the time, and the remainder was agreed to be paid, thereafter, when the land should have been surveyed and the quantity ascertained, and a deed, conveying a good title, tendered, and toward this end, Cornett and Golden, each, undertook certain covenants, which are not necessary to be adverted to, as the questions, arising out of them, were fully considered in an opinion of this court, rendered on the 13th day of June, 1913, on a former appeal of this case, and may be found in 154 Ky. 438. Suffice it to say, that on the 19th day of November, 1910, Cornett instituted this suit, in the circuit court, against Golden, and in which he alleged, that the contract, which he had entered into with Golden, was a contract by which he had sold to Golden an option to purchase the land on or before the 1st day of December, 1907, and that Golden had failed to exercise the option or to purchase or pay for the land, within the time agreed; that the option had expired, and that Golden was then claiming, that he had purchased the land, and that the writing with the claim of Golden cast a cloud upon his title, and asked, that the

court adjudge the paper to be a contract for an option merely, and that same had expired, and to adjudge it to be void, and to remove the cloud made by it upon his title. Golden answered denying, that the contract was an option for the purchase of the land, within the time alleged, but alleging, that it was an executory contract for the sale of the land and his readiness, willingness and ability to comply with the contract for the purchase of the land and praying, by way of counterclaim, for a judgment requiring Cornett to specifically perform the contract. The court decided the cause favorably to the contention of Cornett, and denied Golden the relief sought by his counterclaim. This judgment was rendered on the 27th day of September, 1912, and Golden prayed and was granted an appeal from the judgment to this court. On the following day, he attempted the execution before the clerk of the circuit court, of a supersedeas bond, and thereafter, perfected the appeal, by filing the record, in the office of the clerk of this court, within the time, necessary to save his appeal. This court reversed the judgment, and held, that the contract between Golden and Cornett, was not the sale of an option to Golden to purchase the land, but, that it evidenced a sale of the land, and that the trial court should have decreed a specific performance of the contract for the sale of the land, or of so much of it, as, upon investigation, it was found, that Cornett had title to. The judgment was ordered to be reversed, and the cause remanded "for further proceedings consistent with this opinion." To have proceded consistently with the opinion, the court should have set aside its judgment, and then no legal reason interposing, should have decreed a specific performance of the contract, for the sale of the land. In accordance with the opinion, the judgment was set aside, but, in the meantime, on the 23rd day of September, 1912, and before the judgment which was appealed from had been rendered but while the action was pending, the appellee, Riverside Coal & Timber Company, entered into an arrangement with Cornett, by which it purchased, from him, the lands, in controversy, at the sum of $15.00 per acre, and on that date, Cornett executed a deed to the coal and timber company, but, the deed was held by a bank, and not delivered nor accepted, until it could be examined by an attorney for the company, and after ascertaining, that it was in proper form, about the 20th of

October, 1912, it was delivered to the company, and the company retained $4,000.00 of it, on account of a claim purchase money paid, or at least some part of it, but the by another to some part of the land. After the judgment, which was appealed from, had been vacated in accordance with the mandate of this court, Golden filed an amended answer, and counterclaim, which he made a cross-petition against the coal and timber company, setting out the fact, of the purchase by it of the land, and alleging, that, at the time, it made the purchase and accepted the deed, it had actual notice of his purchase of the land, and the existence of his contract, and hence, of his equities, in the land, and prayed, that it be required to release to him any claims of ownership, that it had on account of its purchase and the deed executed to it. Cornett was then permitted to file an amendment to his petition, and therein to set up a defense to the effect, that the contract between him and Golden should not be enforced, because Golden had procured him to make the contract, by fraud and deceit, and prayed for a cancellation of it. The Riverside Coal and Timber Company, also, answered and for a defense, averred, that it was an innocent purchaser for value, and without notice, and affirmatively alleged, that the contract between Cornett and Golden, was procured by the fraud of Golden, and that it had purchased the land from Cornett, in 1903, by an executory contract of sale, which was of record, when Golden and Cornett made the contract between them, and that in pursuance of its contract with Cornett, it had purchased the land. Issues were made upon these averments, and the court adjudged, that Golden had procured the execution of the contract between him and Cornett, by fraud, and adjudged that it be set aside, and dismissed the counterclaim and cross-petition of Golden, and from this judgment, Golden has again appealed.

Much argument is indulged by counsel, in their briefs, upon the question, as to whether or not Cornett, after the decision of this court, and the return of the action to the circuit court, should have been permitted, by amended petition, to seek to set aside the contract, upon the ground of fraud, which was a distinct cause of action from the one relied upon by him in his original petition, and whether the Riverside Coal & Timber Company, being a privy of Cornett, should have been permitted to

interpose the defense of fraud by Golden in procuring the contract from Cornett, but, as Golden made no objection to the filing of the amended petition by Cornett, and did not interpose a plea of estoppel to the defense of fraud upon its vendor by Golden made by the coal and timber company, it can only be considered, that Golden waived any objections, which he might have made to the new cause of action set out by Cornett, in his amended petition, and to the defense of fraud made by the coal and timber company, and was willing to submit his cause upon the merits of the issue, and in this state of case, the issue comes to us for decision upon its merits. No one testifies upon this issue, except Cornett. His testimony shows, that he was not an illiterate man, but, not only capable of reading the contract, but, that he did read it, or so much as he desired and as he says, probably all of it. His testimony further shows, that he has more than ordinary intelligence and understanding of language and ability to express himself, and hence, ability to understand the meaning of language. He, further, shows, that he did not place any reliance upon any representations, made to him, by the agents of Golden. The contract was put upon record where it could be seen by all persons, and when he instituted his suit, to have it declared a contract for an option three years after its execution, he had not yet conceived of the idea, that he had been defrauded into executing it, and the defense of fraud was put forward only after this court had held, that the contract was an executory contract of sale and not an option, and had stated, in the opinion, that it could have been avoided only upon the ground of fraud or mistake. The values of land had risen very greatly between the execution of the contract, and the filing of the amended petition, a period of nearly ten years. Under these facts, the defense of fraud, is not sufficiently sustained.

As to the defense of the Riverside Coal & Timber Company, that it was a purchaser for value, without notice of the equity of Golden, the evidence indisputably shows, that it had both constructive and actual notice of the contract between Golden and Cornett. It knew of the litigation between them, and while the action was pending and before the judgment of September 27, 1912, entered into negotiations with Cornett to purchase the land. The deed was prepared at that time, but, was not delivered or accepted, until twenty or more days

thereafter. The fact, that the court, on September 27, decided adversely to Golden and held that the contract only gave Golden an option, which had then expired, does not avail the coal and timber company, anything, as Golden then prayed and was granted an appeal from the judgment, which would preclude any idea, that he had abandoned his claim. There was no want of diligence shown in the prosecution of the appeal. An appeal is usually held to be a continuation of the action, and not a new action, and one who knows of the pendency of the suit and the rendition of the judgment is presumed to know, that an appeal may be taken from the judgment within the time prescribed by law. The Riverside Coal & Timber Company had actual knowledge of the suit, the subject of controversy, and the rendition of the judgment, at the time, it made its purchase. It was a *pendente lite* purchaser, which is a purchaser, with knowledge of the subject of the controversy and the claims of the litigants. Such a purchaser from one of the parties to the action takes the property subject to the results of the litigation, and holds it, with no more rights therein, than his vendor, so far as his purchase affects the rights of the successful litigant. Clark v. Farrow, 10 B. M. 446; Debell v Foxworthy, 9 B. M. 232; Castleman v. Combs, 7 Mon. 280; Thompson v. Mason, 4 Bibb. 196, 17 R. C. L. 1042, 25 Cyc. 1472; Pittman v. Wakefield, 90 Ky. 171; Earle v. Couch, 3 Met. 450; Clarey v. Marshall, 4 Dana 95. A *pendente lite* purchaser is bound by the judgment, if rendered against the party from whom he purchased. Hawes v. Orr, 10 Bush 433; Watson v. Wilson, 2 Dana 408; Talbott v. Bell, 5 B. M. 323; Stone v. Connelly, 1 Met. 655; Currie v. Fowler, 5 J. J. M. 148; Jones v. Chiles, 2 Dana 34; Copenheaver v. Huffaker, 6 B. M. 19. It is claimed, however, that the Riverside Coal & Timber Company, was the owner of a prior equity to that of Golden, in that it had purchased the land by an executory-contract of sale from Cornett, of which Golden had constructive notice, because it had been recorded in the year, 1903, and that it was in fulfillment of this contract, that it completed the purchase by paying the money and accepting the deed, during the pendency of this action, between Golden and Cornett. If such was the fact, it was within its rights in completing the purchase, and was not a *pendente lite* purchaser, although it had

actual knowledge of the claims of Golden.    Parks v. Smoot, 105 Ky. 63, Cyc. 1482.

This, however, was denied, and the facts as they appear from the record, are, that, on the 22nd day of May, 1903, Cornett entered into a contract with one Heydrick, for the sale of the land, and that the contract was recorded, in the office of the clerk of the county court, on the 24th day of July, 1903.   It is alleged and denied, that this contract was abandoned by both parties.   There is nothing in the record to indicate, that anything was ever done or attempted, in the way of carrying out this contract, until it is claimed that the sale evidenced by the deed of September 23, 1912, was made in fulfillment of it. The deed is not in the record, and hence, we have no way of knowing whether it purports to be made, on account of the contract of May 22, 1903, or not, or what it purports to be.   Cornett certainly abandoned the contract with Heydrick, as he sold the land, thereafter, first, to the Ford Lumber Company, and then to Golden.   The contract, with Heydrick, recites, that the price to be paid for the land was $6.00 per acre, but, the other evidence is, that the price given or promised Cornett by the coal and timber company, when he made the deed, was $15.00 per acre.   It is claimed, that Heydrick assigned the contract to the Riverside Coal & Lumber Company, on February 20, 1912, but this is denied, and there is no evidence of the assignment ever having been made.   This court had before it, for consideration, in Heydrick v. Dickey, 154 Ky. 475, a contract similar in its terms, to the one between Cornett and Heydrick, and it there held, that such a contract was unilateral and more in the nature of an option, than an executory contract of sale, and that time, was of the essence of such a contract, and the time for the grantee to make his election to buy or not to buy not being definitely fixed in the contract, it was his duty to make his election within a reasonable time and demand performance of it, and if he failed to do either for a period of eight years, he was, at least, not entitled then, to have a specific performance of it.   The contract, between Cornett and Heydrick, fixed twelve months from the execution of the contract, as the time within which, the contract should be closed, by the making of a deed and the payment of the money, unless Cornett refused to make the deed, and there is neither averment nor proof that he declined to make the deed.   It is apparent, that

both parties had abandoned this contract long before the transaction in controversy, here, and the proof shows very clearly, that the conveyance, made by Cornett on September 23, 1912, was in the fulfillment of another and different contract, from the one made with Heydrick, on May 22, 1903.

Another defense, urged by the Riverside Coal & Timber Company, was, that Golden was insolvent and unable to carry out his contract to purchase the land. The contract between Golden and Cornett, however, was a contract for the sale of the land, and Cornett's remedy, was to tender a good title and sue for a specific performance of the contract, or for a recovery of the purchase money, and he could not abandon the contract under circumstances, which justified a judgment against him, in favor of Golden, for a specific performance of it.

The judgment is therefore reversed, and cause remanded with directions to set aside the judgment, and for other proper proceedings, not inconsistent with the former opinion of this court, and this opinion.