**HAMILTON v. HAYES FREIGHT LINES, Inc.**

No. 904.

United States District Court
E. D. Kentucky, Lexington.

Feb. 13, 1952.

---

**FORD**, Chief Judge.

This case is submitted upon the plaintiff's motion to remand it to the State Court from which it was removed by a petition filed by defendant in this Court on January 18, 1952. The only question presented is whether the petition for removal was timely filed under the second paragraph of § 1446(b), Title 28 U.S.C. (revised), which provides: "If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

It appears from the petition for removal that the action was originally filed in the Circuit Court of Estill County, Kentucky, and, pursuant to trial and verdict of a jury, in May 1950 judgment was rendered against defendant, the petitioner Hayes Freight Lines, Inc., and an appeal, which has not yet been disposed of, was immediately prosecuted by defendant to the Court of Appeals of Kentucky.

The pleadings in the original action stated a claim for damages in the sum of $50,000 for joint and concurrent negligence charged against the petitioner, then and now a citizen of the State of Illinois, and one John D. Winn, a citizen and resident of the State of Kentucky, who was named as joint defendant, thus precluding removal on the ground of diversity of citizenship.

It further appears from the petition for removal that in March 1951 the petitioner filed an action in the Circuit Court of Estill County seeking to have the judgment of May 1950 vacated and set aside, a proceeding authorized by sections 518 and 520 of the Kentucky Civil Code of Practice, on the ground that several weeks prior to the trial and judgment of May 1950 the plaintiff Harold Ray Hamilton and petitioner's co-defendant John D. Winn agreed upon a settlement of the controversy as between them pursuant to which John D. Winn was released and discharged from all liability

Shumate & Shumate, Irvine, Ky., for plaintiff.

Smith, Reed & Leary and Elmer Gaines Davis, Jr., all of Frankfort, Ky., Redwine & Redwine, Winchester, Ky., E. B. Rose, Beattyville, Ky., for defendant-petitioner.

to the plaintiff. The settlement was not disclosed to the trial court nor to this petitioner but was actively and purposely concealed from them, and was not discovered by petitioner until shortly before the action was filed to vacate the judgment. By reason of the deception and fraud thus practiced upon the Court and the defendant, the petitioner claimed it was deprived of the right of removal as well as other defenses which would have been available to it. On August 9, 1951, the plaintiff filed his answer in the proceeding to vacate the judgment in which he disclosed the secret settlement with the defendant John D. Winn made prior to the trial. A reply was filed by Hayes Freight Lines, Inc., on September 11, 1951. On January 2, 1952, the Court entered judgment vacating the prior judgment.

Section 520 of the Kentucky Civil Code provides that on such petition to vacate judgment "the proceedings shall be the same as those in the action in which the judgment was rendered." The proceeding thus authorized by the Kentucky Civil Code of Practice, prosecuted in the same court and between the same parties, despite its separate and independent appearance from a procedural aspect, is merely a statutory substitute for the old practice by bill of review and is so clearly incidental and ancillary to the original action as to be, in purpose and effect, a continuation of it. Duncan v. Allender, 110 Ky. 828, 831–832, 62 S. W. 851, Wilson, Guardian v. Jackson, 193 Ky. 101, 235 S.W. 28. The answer filed in this collateral proceeding fulfills the requirement of the present removal statute as to a pleading or other paper "from which it may first be ascertained that the case is one which is or has become removable". The exercise of the right of removal when thus ascertained is subject to the condition that "within twenty days after receipt by the defendant, through service or otherwise, of a copy" of such paper, the party or parties desiring to remove the action "shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action." 28 U.S.C. § 1446(a) and (b).

The contention that, since the appeal of the original action had not been disposed of by the Appellate Court at the time it was ascertained that the case had become removable, it was not then pending so as to enable the removal petition to be filed in accordance with section 1446(a) of Title 28 U.S.C., seems untenable. In Mackenzie v. A. Engelhard & Sons Co., 266 U.S. 131, 142–143, 45 S.Ct. 68, 69, 69 L.Ed. 205, Mr. Justice Holmes dealt with a case which arose in Kentucky and said: "An appeal is a proceeding in the original cause and the suit is pending until the appeal is disposed of. * * * We understand that this would be the view of the Kentucky Court of Appeals. Golden v. Riverside Coal & Timber Co., 184 Ky. 200, 205, 211 S.W. 761." In the Golden case [184 Ky. 200, 211 S.W. 763], cited by Justice Holmes, the Kentucky Court of Appeals said: "An appeal is usually held to be a continuation of the action, and not a new action, * * *." Upon the authority of the Mackenzie case, supra, District Judge Moscowitz in United States v. Claus, D.C., 5 F.R.D. 278, 280, said: "An appeal is a proceeding in the original cause and a suit is 'pending' until the appeal is disposed of." The opinion of Judge Willis in Garnett v. Oliver, 242 Ky. 25, 45 S.W.2d 815, quoted with approval the above quotation from the opinion of Justice Holmes in the Mackenzie case, supra, and referred to the Golden case with like approval.

The long established rule that the time limitation prescribed by the removal statute within which a petition for removal may be filed is not jurisdictional but is merely modal and formal, and that failure to timely file the petition may be waived or objection to such failure may be precluded by estoppel, is not open to doubt. This rule is not applicable here for the reason that the record shows nothing to constitute waiver or to indicate that the alleged fraud practiced by plaintiff tended to mislead or obstruct the petitioner from filing its petition for removal within the twenty day period

after the petitioner ascertained from the answer filed in the ancillary proceeding that the case was removable, or to induce petitioner to delay filing its petition until more than four months thereafter.

In the absence of waiver or estoppel, a party entitled to remove a suit from the State court to a district court of the United States must comply strictly with the provisions of the statute governing the exercise of the privilege. Courts are without authority to enlarge, change or modify the clear terms of the statute. Lusk v. Lyon Metal Products, D.C., 9 F.R.D. 250. Questions of law as well as issues of fact raised upon a petition for removal must be tried and determined by the Federal Court. Kansas City, etc., R. Co. v. Daughtry, 138 U.S. 298, 303, 11 S.Ct. 306, 34 L.Ed. 963.

Nothing appears in the present statute to render the right to remove an action conditional or dependent upon final determination of pending State court proceedings in respect to the case, or to enlarge the time for filing a petition for removal beyond the prescribed statutory limitation in order to await the conclusion of such proceedings. Any other view would seem inconsistent with modern statutory procedure requiring that after a copy of the petition for removal presented to the Federal Court is filed with the Clerk of the State Court and notice given to adverse parties, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(e).

The petition for removal not having been timely filed, the motion to remand should be sustained. An order will be entered accordingly.