**GROWTH REALTY COMPANIES,**
**Plaintiff,**

v.

**BURNAC MORTGAGE INVESTORS,**
**LTD., Defendant.**

No. 79–1187.

United States District Court,
D. Puerto Rico.

Aug. 21, 1979.

Eric A. Tulla, Hato Rey, P. R., for plaintiff.

Luis M. Angelet Frau, San Juan, P. R., for defendant.

## OPINION AND ORDER

TOLEDO, Chief Judge.

We are presently concerned with plaintiff's Motion to Remand which calls for the recitation of the following pertinent facts.

On or about December 2, 1977, Gary Walls, as nominee of the trustees of LMI Investors, a non incorporated trust created by a Declaration of Trust filed in Los Angeles, California in March 1972, filed a com-

plaint against the named defendant in the Superior Court of Puerto Rico, San Juan Division. The complaint requesting declaratory relief and specific contractual compliance, was assigned Civil Number 77–8257 by the local court. Defendant then filed the first petition for removal to this Court. It invoked Title 28, United States Code, Section 1441 and the jurisdictional diversity statute, Title 28, United States Code, Section 1332. This removal petition was opposed by the plaintiff who indicated that complete diversity between the parties was lacking and, therefore, jurisdiction was not present.[1] Defendant acknowledged the lack of complete diversity and acceded to the remand. This Court entered the Order of Remand accordingly on March 29, 1978.

While the case was pending before the state court, the plaintiff sought permission to amend its complaint from the local court. This was granted on May 8, 1979. The amended complaint, in its pertinent part reads:

"1. Growth Realty Companies is a corporation organized under the laws of the State of California from February 9, 1979. Previously, Growth Realty, then known as Growth Realty Investors, was a business trust created by way of a declaration of trust under the laws of the State of California. By operation of law, all rights and properties of Growth Realty Investors, were transferred to Growth Realty; in the same manner, Growth Realty became liable for all Growth Realty Investor's obligations and debts.

2. Burnac Mortgage Investors, Ltd., (hereinafter called Burnac), is a limited company organized under the laws of the

Province of Alberta, Canada, and is doing business in Puerto Rico."

In its answer to the amended complaint the defendant filed the following affirmative defenses:

"1. The defendant is a limited company (corporation) duly organized and existing under and by virtue of the laws of the Province of Alberta, Dominion of Canada with its principal place of business at Toronto, Canada.

2. The plaintiff is a corporation duly organized and existing under and by virtue of the laws of the State of California, with its principal place of business at Los Angeles, California."[2]

Upon notification of the amended complaint on April 30, 1979, defendant then filed a second request for Removal before this Court pursuant to Title 28, United States Code, Section 1446(b) alleging jurisdiction pursuant to Title 28, United States Code, Section 1332, the diversity statute.

In this case plaintiff opposed the second petition for removal on grounds that there is no requisite diversity of citizenship under Title 28, United States Code, Section 1332. Plaintiff also states that even assuming the existence of diversity jurisdiction, the second petition for removal is untimely. In its Memorandum of Law, plaintiff amplifies his argument which, as we understand it, states: diversity is missing because the diversity of the parties is determined at the commencement of the action and a subsequent change of citizenship does not permit the defendant to remove the case. Plaintiff's allegation of untimeliness assumes the presence of diversity jurisdiction indicating

1. As a non incorporated trust, plaintiff successfully alleged in its opposition to the Petition for Removal, that the Court must look to the citizenship of each of the stockholders. Some of these stockholders were citizens of Canada and Puerto Rico. Since Burnac was a limited company organized under the laws of the Province of Alberta, Dominion of Canada, the requisite complete diversity of citizenship between the parties was not present as required by the *Strawbridge v. Curtiss* case, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

2. Case law requires strict compliance with the statutory procedure for removal. This same case law has provided that the Court may look to the complaint involved, the petition for removal and the record of the case as a whole, in search of the pleading of the corporations citizenship pursuant to Title 28, United States Code, Section 1332(c). *Winters Government Security Corporation v. Cedar Point*, 446 F.Supp. 1123, 1125–1126 (S.D.Fla., 1978). In any event, the second petition for removal also contains the requisite citizenship allegations to substantiate the invoked diversity jurisdiction of this Court.

that the defendant had notice of plaintiff's incorporation by the filing of a "companion case" involving the same parties and property. This "companion case", according to the plaintiff, constitutes an "other paper" within the meaning of Section 1446(b). Hence, the "other paper" or "companion case" constitutes sufficient notice causing the clock to start running so that defendant's second filing of removal is untimely.

Before proceeding with the discussion of the peculiar facts of this case, we would like to make one general observation concerning removability of cases from state to federal courts. This Court is mindful of the fact that ". . . a federal court is a court of limited jurisdiction and can only entertain those actions which fall squarely within its jurisdiction as that jurisdiction is stated by the Act or Acts of Congress in conformity with the Judiciary Articles of the Constitution. This Court has the responsibility to accept jurisdiction in all proper cases. It has an equal obligation to protect the jurisdiction of the State court, both by reason of comity to that court and fairness to the litigants who have chosen it as a forum. Where there is doubt as to the federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction." *Saylor v. General Motors Corp.,* 416 F.Supp. 1173 at 1176 (E.D.Ky., 1976) quoting *Walsh v. American Airlines, Inc.,* 264 F.Supp. 514, 515 (E.D.Ky., 1967). See also *Putterman v. Daveler,* 169 F.Supp. 125, 130 (D.C.Del., 1958); *Winters Government Securities Corporation v. Cedar Point,* 446 F.Supp. 1123, 1128 (S.D.Fla., 1958).

Title 28, United States Code, Section 1446(b) provides:

"(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

*If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable.*" (Emphasis supplied).

The second paragraph in the quoted Section 1446 was the result of a Congressional enactment in 1949 and of a subsequent amendment in 1965.[3]

"The enactment of 1446(b) has been said to codify or be declaratory of the existing Rule as laid down by the decision of *Putterman v. Daveler,* 169 F.Supp. 125, 129 (D.Del., 1958); accord, 1 Barron & Holtzoff, *Federal Practice and Procedure,* Section 107 at 514 (1960); 2 U.S. Code Congressional & Administrative News, pp. 1248, 1268 (1960) quoted in 1A *Moore's Federal Practice,* Section 0.168, [3.–5] at 1232, n. 6 (2d ed., 1965), quoting H.Rep.No.352 to accompanying H.R.370, 81st Cong., 1st Session (1949). Clearly, before the enactment on 1446(b) in 1949, more than one petition to remove may be clearly allowed in certain cases." *O'Bryan v. Chandler,* 496 F.2d 403, 408–409 (10th Cir., 1974), cert. denied, 419 U.S. 986, 95 S.Ct. 245, 42 L.Ed.2d 194; rehearing denied, 95 S.Ct. 838, 420 U.S. 913, 42 L.Ed.2d 845.

This decision also states the circumstances under which a defendant may successfully petition for the removal of a case on a second or subsequent occasion. As stated therein, "Generally, the second paragraph of 1446(b) is designed to allow a defendant to remove a state action when it was not originally removable as stated in the plain-

3. May 24, 1949, c. 139, Section 83, 63 Statute 101; September 29, 1965, Pub.L. 89–215, 79 Statute 887.

tiff's initial complaint in the state court, but has become removable due to the filing in the state court of an amended pleading, motion, order or other paper where it may be ascertained that the case is one which is or has become removable." . . . It is equally clear, however, that not every amendment to a plaintiff's original complaint in a state court allows the granting of a second or subsequent petition to remove . . . According to the statute itself, there must be both an amended pleading or paper and a ground for ascertaining removability exists for the first time . . . "To come within the perimeters of Section 1446(b), the amendment of the state court complaint must be one that makes the *case removable at the time of the amendment*, when the original state court petition did not state a removable action." *O'Bryan*, supra, at 409. (Emphasis added). This same case enunciates factors to be applied in determining whether to grant or deny a second petition for removal in consonance with sec. 1446(b). These are: (1) ". . . plaintiff must *voluntarily* amend his state court complaint after an order to remand has been entered (cit. omitted)"; and (2) ". . . the voluntary action of the plaintiff in amending his state complaint must set forth a ground for removal that appears for the first time." *O'Bryan*, supra, at 407–410. (Emphasis supplied). See also *First National Bank, etc. v. Johnson and Johnson*, 455 F.Supp. 361 (E.D.Ark., 1978); *Martropico Compañia Naviera, S.A. v. (Pertamina)*, 428 F.Supp. 1035 (S.D.N.Y., 1977); *McMahon Chevrolet, Inc. v. Davis*, 392 F.Supp. 322–324 (S.D. Tex., 1975); *.White v. Hughes*, 409 F.Supp. 1005 (W.D.Tenn., 1975). The mentioned case specifically contemplates the occurrence of the following event as grounds for granting a second or subsequent petition for removal under the provision of 1446(b), "[the] cases, therefore, hold that a different ground for the removal must be alleged in the second petition that was not alleged in the first petition. For example, *if plaintiff adds or dismisses a party to his state action after the remand and creates diversity of citizenship, a defendant may remove the action for a second time." O'Bryan*, supra, at p. 410. "Stated oppositely, different grounds more precisely mean[s] a different set of facts that state a new ground for removal, *Key v. West Kentucky Coal Co.*, supra, [237 F.2d 258] at 261. *The removal cases in which parties were added or dismissed by amendment thereby creating diversity and the removal cases in which the federal jurisdictional amount is reached due to amendments are consistent with this interpretation.* In those cases, the theory or claim for relief did not change; only the parties or amount in controversy was altered by the plaintiff's voluntary actions." *O'Bryan*, supra, at p. 410. See also *Putterman*, supra, at p. 130.

■ We view the peculiar facts of this case as falling squarely within the perimeters of a 1446(b) subsequent valid petition for removal. The requisite prior remand is present in the Order of Remand entered by this Court on March 29, 1978. The voluntary act of the plaintiff is found in its action seeking incorporation under the laws of the State of California in February 1979. This voluntary incorporation constitutes, as will be hereinafter discussed, a ground for removal which appears for the first time for it is the basis of the diversity of citizenship jurisdiction allowing this Court to entertain the case. The voluntary act of incorporation by the plaintiff appeared for the first time in this case in the notified amended pleading allowed by the state court while the action was pending before the Commonwealth of Puerto Rico Superior Court. The facts show defendant first became aware of plaintiff's act of incorporation on April 30, 1979, in the context of this case. Therefore, defendant's petition for removal filed on May 21, 1979 is timely.

*Wright*, in its Law of the Federal Courts, Section 31, discusses "Devices to Create and Defeat Jurisdiction" at p. 102 stating:

"A party can gain access to the federal courts by changing his domicile to another state, chosen so that diversity will exist. Such a move will be effective, though it was motivated solely by a desire to sue in the federal court, but it

must be a *bona fide* change of domicile and the party will not succeed if he plans to move back to his former home after the lawsuit is over.

A corporation cannot get into the federal court merely by transferring its claim to a subsidiary, incorporated in some other state chosen with diversity in mind, but if the corporation in the original state is dissolved, and all assets are transferred to a corporation chartered by the new state, apparently this will be effective, although under the 1958 amendment to the law, the new corporation will also be deemed a citizen of the state in which it has its principal place of business."

Moreover, in discussing the right to removal, *Wright*, supra, at Section 38 p. 134 states:

"Generally the right to removal is decided by the pleadings viewed as of the time the petition of removal is filed. A case not removable when commenced may later become removable under some circumstances, as where the plaintiff has amended his pleading to change the nature of the claim, or has dropped a party whose presence prevented diversity."

Professor Moore, in 1A *Federal Practice*, Section 0.161[1] at p. 207 states: "Finally, it must affirmatively appear in the petition for removal or elsewhere in the record, that there is diversity between the plaintiff and the defendant and the defendant is entitled to remove at the time of the commencement of the state action (or, *in the event of amendment*), at the time the federal jurisdiction first existed and at the time of the filing of the petition for removal. The case can be explained on the *ground that removal petition must be filed within the stated period after the requisites of removal jurisdiction appear in the state suit, which directs attention to the time of the commencement (or amendment), and since the removal petition is the first invocation of the federal court's jurisdiction it is reasonable to require also that the requisite jurisdiction then exists."*

Applying the law to the present state of facts, it appears that the incorporation of the former trust under the laws of California was a *bona fide* and valid action voluntarily done by the plaintiff. In the instant case, the trust was dissolved and all of its assets and obligations were transferred to the new corporation in February 1979 by action of the plaintiff. The approval of the state court of the amended complaint together with the answer filed by defendant clearly posits the requirements necessary to invoke this Court's jurisdiction via diversity. In essence, plaintiff's actions amount to the addition of one party, or a new plaintiff in Growth Realty Corporation, and the deletion of another or Gary Walls in representation of LMI. This event occurring after a prior remand gave rise to the new set of circumstances permitting the defendant to remove under the 1959 and 1965 amendment to Section 1446 provided the same is timely. This is not a case of realignment of parties, nor of collusive joinder of the same. It is distinguishable from *Gibson v. Bruce*, 108 U.S. 561, 2 S.Ct. 873, 27 L.Ed. 825 (1883), in that that case was decided pursuant to the removal statute as it existed under the Judiciary Act of 1875 when portion (b) of Section 1446 was non existent. *Unanue v. Caribbean Canneries, Inc.*, 323 F.Supp. 63 (D.C.Del., 1971), was partly decided upon the premise that Title 28, United States Code, Section 1441(b) prevents a diversity action from being removed to a federal court when one or more of the defendants is a citizen of the state in which the suit is brought and sought to realign a party so as to evade this restriction. The case also dealt with the question posed by Section 1441(c) where removal may be had in the absence of diversity in the presence of a separate and independent cause of action. The facts of law presented are clearly distinguishable from the instant case. Furthermore, plaintiff neglects to state that said case also states that any person may change his domicile of citizenship at any time. *Unanue*, supra, at p. 67.

Perhaps the present controversy is better understood if the views Wright's comments cited by plaintiff is referring to actions

taken by a *defendant* and not a plaintiff, to defeat plaintiff's choice of forum. But when, as here, it is the plaintiff who voluntarily gives a basis for removal pursuant to 1446(b) we find it permissible to look at the citizenship of the parties to the petition for removal, and to the amended complaint and other pleadings related to the case from the moment of said amendment and not at the moment of the filing of the initial pleading. To decide otherwise would be to close the doors of this Court to cases which Congress clearly contemplated to be within the purview of Section's 1446(b) second paragraph.

■ As to the issue of timeliness we find that the phrase "other paper" utilized in Section 1446(b) cannot refer to pleadings filed in a separate, distinct case, in which the parties are not the same and which has not been consolidated as allowed by the local laws of Civil Procedure with the case at the bar.[4] The term "companion case" was used by a federal court in *Hamilton v. Hayes Freight Lines*, 102 F.Supp. 594 (E.D. Ky., 1952) to refer to a set of facts materially different from those posed in this action. There, defendant filed a Motion to Vacate Judgment entered in a case involving the same parties alleging fraud to the Court. This all took place before a state court. Plaintiff filed an opposition to said motion disclosing the triggering factor purporting to allow a federal court to exercise its jurisdiction for the first time. In fact, the Court looked upon the motion as an appeal from the original case and considered it as one proceeding from a pending case—not a separate and distinct case as the present plaintiff would have us so hold.

Our reading is reinforced by the Court's calling the answer to the motion to vacate

4. See 32 L.P.R.A., App.R. 14 of the Commonwealth of Puerto Rico, Civil Procedure Rules, 1958, allowing the joinder of claims.
   The heading of the "companion case" shows the parties as:

   Atlantic Quality Construction Company
                                       Plaintiff
       vs.
   Growth Realty Investors, previously known as LMI Investors

judgment an "ancilliary proceeding". See *Hayes*, supra, at p. 597. Under these circumstances, *Hayes* is distinguishable from the facts at the bar. Similarly, the present facts do not fall within any of the cases defining the term "other paper" as shown in *Bonnell v. Seaboard Air Line Railroad Co.*, 202 F.Supp. 53 (N.D.Fla., 1962); *Grigg v. Southern Pacific Railroad Co.*, 246 F.2d 613 (C.A. 9, 1957).

WHEREFORE, for the above stated reasons, defendant's Petition for Removal is hereby Granted.

IT IS SO ORDERED.

Defendant & Third Party Plaintiff
    vs.
Burnac Mortgage Investors, Ltd.
                      Third Party Defendant

The case number is 78–3750 concerned with "Specific Performance of Contract; Contractual Damages; Declaratory Judgment."