Laymond BRAGG and Florine Bragg, Plaintiffs,

v.

KENTUCKY RSA # 9–10, INC. and Bell–South Mobility, Inc., Defendants.

No. CIV. A. 00–465.

United States District Court, E.D. Kentucky.

Jan. 4, 2001.

Larry D. Brown, Latta & Brown, Prestonsburg, KY, for Laymond Bragg, Florine Bragg.

Kenneth Williams, Jr., Hanbury, Williams, Hall & Latherow, P.S.C., Ashland, KY, for KY RSA # 9–10, Inc., Bell-South Mobility, Inc.

## ORDER

HOOD, District Judge.

The Plaintiffs have filed a motion to remand [Record No. 2]. Defendants have responded to said motion [Record No. 4]. The time for further responsive pleadings has lapsed. Therefore, this matter is ripe for review.

### FACTUAL BACKGROUND

The plaintiffs have allegedly sustained extensive damage to their home and surrounding property as a result of landslides. Plaintiffs claim that the land's subsidence was triggered by the negligence of the defendants, who maintain a cellular telephone tower site on the subject property.

On February 20, 1999, the Dee Dee Construction Company completed a report for the plaintiffs, indicating that cleanup costs would total $483,000.00. On or about September 27, 1999, the plaintiffs provided the defendants with a copy of this report, apparently attempting to resolve this issue without the filing of a lawsuit. However, on January 4, 2000, the plaintiffs filed a verified complaint in the Floyd Circuit Court.

Kentucky law states that in "any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court." Ky. R.Civ.P. 8.01(2). Therefore, the plaintiffs' complaint did not reiterate the clean-up costs calculated by Dee Dee Construction, nor did Plaintiffs attempt to estimate the total amount sought by their complaint.

On October 26, 2000, the defendants received the plaintiffs' responses to Defendants' "Interrogatory Number Nine", which asked: "Are you seeking to recover in this lawsuit damages from Defendants in excess of the sum of $483,000.00 set forth in the Report of Dee Dee Construction Company dated 2/20/99 previously provided to the Defendants on or about September 27, 1999?" Defendants assert that the response to this question was the first time they were notified that the plaintiffs were seeking damages in excess of the federal statutory limit of $75,000.00.[1] 28 U.S.C. § 1332. Accordingly, Defendants began to count their thirty-day removal period from the day the interrogatory answers were received.

Defendants removed this case from the Floyd Circuit Court to the Eastern District of Kentucky on November 16, 2000. This date was within thirty days of their receipt of the interrogatory answers. Plaintiffs claim that the Defendants' motion for removal to this Court was untimely as removal was not sought within thirty days after service of the verified complaint.

**DISCUSSION**

Defendants may avail themselves to the relief offered by 28 U.S.C. § 1446(b) only if the initial pleading was non-removable, but later documentation created a removable cause of action. However, in the case at bar, the initial pleading, and surrounding events, gave Defendants actual knowledge that damages exceeded the statutory requirements for removal. Therefore, the defendants' attempt to remove this case to federal court was untimely.

The statutory language of 28 U.S.C. § 1332 gives this Court jurisdiction over diversity matters in which, "the matter in controversy exceeds the sum or value of $75,000," regardless of the amount awarded in the eventual judgment. Prior to filing the state cause of action, Defendants were alerted to the fact that Plaintiffs sustained at least $483,000 in damages. This amount was presented to the defendants in a report from the Dee Dee Construction Company in September 1999.

■ Defendants contend that the initial complaint was not removable as the plaintiffs did not list a specific figure for damages in their complaint. However, Judge Siler, speaking for this Court, clearly held that Kentucky's procedural structure does not allow the defendants to practice willful blindness in an attempt to extend the removal deadline in such a case. Judge Siler acknowledged that "Kentucky law prevents the plaintiff from pleading an unliquidated amount in controversy with any degree of specificity", but stated that, "the defendant is put on inquiry notice by the plaintiff's initial pleading and must inquire of the plaintiff the jurisdictional facts necessary to the petition to remove." *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305, 1308–09 (E.D.Ky.1990), quoting *Kaneshiro v. North Am. Co. for Life and Health Ins.*, 496 F.Supp. 452, 462 (D.Haw.1980).

While not binding precedent, this Court finds the Sixth Circuit's unpublished decision in *Holston v. Carolina Freight Carriers Corp.*, No.90–1358, 1991 WL 112809 (6th Cir. June 26, 1991) (unpublished), very persuasive on this issue. *Holston* clarifies the nature of the thirty day statute of

---

1. The Court will not elaborate on the apparent inconsistency in this statement other than to note that one is unable to know that damages may exceed $483,000.00, without also knowing that damages may exceed $75,000.00.

limitations for removal of state causes of action under 28 U.S.C. § 1446(b) and holds that, " § 1446(b) starts the thirty-day period running from the date that a defendant has solid and unambiguous information that the case is removable, even if that information is solely within its own possession." *Id.* at *3.

■ The Sixth Circuit opinion continues on and notes that,

It is axiomatic that the statutes conferring removal jurisdiction are to be construed strictly. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). *See Holly Farms Corp. v. Taylor,* 722 F.Supp. 1152 (D.Del.1989); *McCurtain County Production Corp. v. Cowett,* 482 F.Supp. 809 (E.D.Okla.1978) (doubts about removal should be resolved in favor of remand). This is because removal jurisdiction encroaches on state jurisdiction, and the interests of comity and federalism require that federal jurisdiction be exercised only when it is clearly established. Thus, any ambiguity regarding the scope of § 1446(b) must be resolved in favor of remand to the state courts. We believe that § 1446(b) is ambiguous regarding the issue presented here. The second paragraph of section 1446(b)'s "clear purpose is to commence the running of the thirty-day period once the defendant receives actual notice that the case has become removable...." 14A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure, § 3732 at 520. However, the statute is not clear from whom the defendant must receive that notice. *Id.*

In the case at bar, Defendants had a basis to believe that the filed case met the statutory amount required for removal. Thus, the statute of limitations began to toll when the defendants received service of the complaint filed in state court.

This analysis is further supported by *Hamilton v. Hayes Freight Lines,* 102 F.Supp. 594 (E.D.Ky.1952). The Court found that documents outside the pleadings could be utilized to impute knowledge to the defendants. In this case, the Court found that answers filed in a "collateral proceeding fulfill[ed] the requirement of the present removal statute as to a pleading or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. at 596 (internal citations omitted). The Court went on to note the rigidity of the statutory time limitations by indicating that in "the absence of waiver or estoppel, a party entitled to remove a suit from the state court to a district court of the United States must comply strictly with the provisions of the statute governing the exercise of the privilege. Courts are without authority to enlarge, change or modify the clear terms of the statute." *Id.*

In the case at bar, Defendants had actual knowledge that the Plaintiffs' damages clearly exceeded the statutory base level required for removal to federal court. This knowledge was acquired by the defendants as a result of their interaction with Plaintiffs prior to the filing of this lawsuit. The plaintiff indicates that agents for the defendants visited the subject property to survey the damage, and indeed, the defendants acknowledge that they received the report from the Dee Dee Construction Company in September of 1999. Accordingly, this Court has no difficulty imputing actual knowledge to the defendants that the amount in controversy exceeded the statutory limitation of $75,000.00. Therefore, the thirty day period for removal set forth in 28 U.S.C. § 1446(b) began to toll when the defendants were served with a copy of the verified complaint in this action.

Accordingly, the removal filed in this case was untimely, and this Court has no jurisdiction over the case at bar.

**IT IS ORDERED**

(1) That Plaintiff's motion for remand be, and hereby is, **GRANTED;**

(2) That this case be, and the same hereby is, **REMANDED** to the Floyd Circuit Court;

(3) That this case be, and the same hereby is, **STRICKEN FROM THE ACTIVE DOCKET.**